## 63216. BARTON v. THE STATE.

BIRDSONG, Judge.

Burglary. Allen Barton was convicted of three counts of burglary and sentenced to eight years, three to serve and five on probation. The facts presented authorized the jury to conclude that Barton owned an antique furniture auction in the township of Chatsworth. In between Christmas and New Years, 1980-1981, Barton engaged the services of three men to help him break and enter the premises of one Emily Cogburn. Mrs. Cogburn had a considerable amount of furniture which she had inherited from her family and stored in several buildings on her family's land. When Mrs. Cogburn became aware that her furniture had been stolen, she investigated several auction houses and found some of her furniture at Barton's furniture auction in Chatsworth. Mrs. Cogburn swore out an arrest warrant against Barton and based upon information from an employee of Barton's that there was more furniture stored in a shed behind

Barton's home sought to search that shed plus Barton's home. When Barton was arrested, he was advised of his right to insist on a search warrant but voluntarily agreed to allow police to search his place of business, his home and the shed. In his own testimony, Barton denied hiring any men to steal used furniture but contended rather that one of the men allegedly helping him had borrowed his (Barton's) truck and later had sold the furniture to Barton. Barton offered evidence of alibi on the night the alleged burglary took place. Following his conviction, Barton brought this appeal enumerating four alleged errors. *Held:*

1. In his first enumeration of error, Barton complains that the trial court erred in denying his motion to suppress. This enumeration is based upon an argument that the search warrant authorizing the search only described the "premises" located at an address in Chatsworth. Barton contends this authorized the search of his home but not of a shed about 20 feet behind his house. We reject this argument. "Premises" contemplates the entire living area used by its occupant. Living area may be otherwise expressed as the "curtilage." The word "curtilage" includes yards and grounds of a particular address together with the gardens, barn and buildings thereon. *Bellamy v. State,* 134 Ga. App. 340 (214 SE2d 383). The principle of curtilage comes to us from the common law and traditionally has included out-buildings, which may be searched as part of the "premises" though not specifically described so long as permission has been obtained to search the "premises." *Bellamy v. State,* supra. We find no merit in this enumeration.

2. In enumeration of error 2, appellant contends that the trial court erroneously denied him a continuance or alternatively failed to grant him a mistrial. The enumeration is based upon the contention that Barton was charged with burglarizing Mrs. Cogburn's buildings on January 2, 1981. In its opening statement, the state contended that it would show the commission of the offense on or about December 29, 1980. Appellant then requested a continuance because it was prepared to defend against January 2 and was not ready to defend against the date of December 29. Alternatively, the defense moved for a mistrial. However, the transcript affirmatively discloses that at the preliminary hearing the state indicated its evidence could only show an "on or about time frame" of the burglary in question. The burglarized buildings were not lived in by the victim but were used for storage purposes mainly or as a vacation home. The defense was aware that a matter of days were involved between the time the furniture was last seen and the discovery of the burglary. In addition to evidence adduced at the preliminary hearing, appellant was given a copy of a co-defendant's statement that showed that the burglary

took place several days before the date alleged in the indictment.

The purpose of the requirement of specificity in an indictment is to prevent surprise and to give a defendant appropriate notice to prepare his defense. *DePalma v. State,* 225 Ga. 465, 469-470 (169 SE2d 801). Appellant can hardly argue surprise inasmuch as he was on notice well in advance of trial that the state could not prove through the victim the exact date of the burglary. Moreover, appellant was aware that there was evidence that the burglary took place on a day certain. In point of fact, Barton was able to and did introduce evidence of an alibi as to the date of the alleged burglary notwithstanding the absence of a grant of continuance. We can find no error and certainly no prejudice to the appellant in the denial of his continuance or motion for new trial under the facts of this case. See *McGruder v. State,* 213 Ga. 259 (98 SE2d 564); *Cherry v. State,* 159 Ga. App. 75 (282 SE2d 717).

3. In his third enumeration of error, Barton complains the trial court erred in giving an accepted pattern instruction on the inference that the acts of a person are the product of his will and that he intends the natural and probable results thereof but such inference may be rebutted and whether to draw that inference rested solely within the discretion of the jury based upon the evidence. We find no error in this charge. A charge in almost identical language has been approved by this court in *Bernard v. State,* 159 Ga. App. 99 (282 SE2d 733). See also *Skrine v. State,* 244 Ga. 520 (260 SE2d 900).

4. In his final enumeration of error, appellant urges that the trial court erred in giving an "Allen" charge. The court gave a modified charge taken from Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) in its initial charge to the jury. Subsequently, the jury experienced some difficulty in reaching a verdict and questioned the trial court as to certain issues. The trial court then gave a fuller charge based on Allen, supra. Barton now argues that by failing to place the burden of proof specifically upon the state in this last charge, the trial court shifted the burden to the defense.

We cannot agree. The trial court in its charge mentioned the burden of proof and the standard of reasonable doubt repeatedly. On at least fourteen occasions, the jury was informed that the guilt of the accused would have to be proven beyond a reasonable doubt. On at least four or more occasions the jury was told that the burden of proof rested exclusively on the state. Considering the charge of the court as an entity, as we must, there is little if any likelihood that the jury could have believed the defendant Barton had any burden of proving his innocence. Moreover, this same argument was made and rejected in *Anderson v. State,* 247 Ga. 397, 401 (276 SE2d 603). We find no merit in this enumeration.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 11, 1982.

*William W. Keith III, Bobby Lee Cook,* for appellant.
*Stephen A. Williams, District Attorney, J. O. Partain III, Assistant District Attorney,* for appellee.