### 65947. GUMINA v. THE STATE.
### 65948. SEARS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendants Antonia Gumina and William Sears appeal their convictions for violation of the Controlled Substances Act by possessing LSD, cocaine and marijuana with intent to distribute. *Held:*

1. The evidence showed that defendants rented premises from an owner who lived on contiguous property in a house some distance away. The premises rented consisted of a main residence, a smaller house trailer and three cargo trailers, all surrounded by a chain link fence. When the premises were searched pursuant to a search warrant, Sears, Gumina and her three small children, and four other adults were there. LSD, cocaine, marijuana and drug paraphernalia were found in the main residence, most of the drugs in the master bedroom, which was Sears' and Gumina's bedroom. Numerous guns, most of them loaded, were also discovered. A police officer testified that when he showed Gumina a large quantity of marijuana found in her bedroom closet, she took some cocaine from a dresser drawer and told the officer that it was hers. A frisk search of Sears produced a glass vial with cocaine residue. Defendants testified that the other four adults were known to Sears' brother and were permitted to stay on the premises for a few days, which had extended to three weeks at the time of the search. They testified that they let the four visitors sleep in the main residence while they slept in the smaller house trailer. The defendants denied any knowledge of any drugs on the premises and implied that the drugs found there must have been brought there by others. None of the other four adults were apparently available to testify.

Defendants made motions for directed verdicts of acquittal on the grounds that the evidence showed that others had equal access to the premises, denial of which is asserted as error. We find no error.

"Whether the evidence of equal access was sufficient to rebut the presumption of possession arising from the discovery of drugs in the closet in appellant's bedroom [and in other places in his house] was a question properly left to the jury. [Cits.]" *Burdett v. State,* 159 Ga. App. 394 (3), 395 (283 SE2d 622).

"The trial court did not err in denying the defendant's motion for directed verdict of acquittal on the grounds that others had equal access to the premises searched and that the circumstantial evidence did not exclude every other reasonable hypothesis save the guilt of the defendant. The totality of the evidence was sufficient to connect the defendant to the possession of the drugs and to overcome his evidence contending he resided . . . at another location even though the evidence would have authorized a finding that others had equal access to the drugs. [Cits.] Here the court did charge as to equal access and equal opportunity but the jury, based upon the totality of the evidence, did not believe same but convicted the defendant as charged." *Teems v. State,* 161 Ga. App. 339 (3), 340-1 (287 SE2d 774).

Moreover, "[a]s we find the evidence sufficient to authorize a

rational jury to find defendants guilty beyond a reasonable doubt, 'it could hardly be found to demand a verdict of acquittal.' *Milner v. State,* 159 Ga. App. 887 (1) 888 (285 SE2d 602)." *Ramsey v. State,* 165 Ga. App. 854 (303 SE2d 32).

2. Defendants' allegation that the search warrant was insufficient to describe the premises to be searched, and that the executing officers exceeded the scope of the warrant by searching persons and places not described in the warrant, is not meritorious.

The description given in the warrant was: "The Antonia Gumina residence 6226 Poplar, Buford, Gwinnett County, Ga. This residence is located within the southern boundary of the city limits of Buford, Ga., Gwinnett County. The house is a single family dwelling with brown wooden siding approximately 40 yds. from the front entry gate. Next to the gate is a black mailbox with the numbers, 5225 affixed there to (sic). There are several trailors (sic) located on the property which is surrounded by a six foot chain link fence with barbed wire. There is a white sign on the gate which reads: Keep Gate Closed." The affidavit attached to the warrant contained the same description except the number of the premises is given as 5225 Poplar. One of the officers who conducted the search testified that he had no difficulty in finding the premises described because he knew where it was before he met the affiant to the affidavit. Another had identified the premises from an airplane prior to the search.

When the officers arrived at 5225 Poplar Street in Buford, they found a fenced area secured by a gate. Inside the fence was a larger building which was clearly a residence, and four trailers, one of which was a house trailer and the others cargo trailers. All these structures were searched, some of the cargo trailers with the consent of the owners of the property who lived several hundred feet away on contiguous property with a different street and number address. The items admitted in evidence were found in the larger dwelling. Sears and Gumina resided on the premises, renting from the owner. The electric power and telephone were listed in Gumina's name.

Although the warrant listed the address as 6226 Poplar, the description contained the proper address of 5225 as did the affidavit in two places. Thus, the listing of the address in the warrant appears to be a typographical error. We find that any prudent officer executing the warrant would be able to locate the premises definitely and with reasonable certainty. We note that two of the executing officers knew where the location was before the warrant was taken. "The test for the sufficiency of a premises description is whether '. . . on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty.' [Cit.] The warrant here was sufficient under that test. This is particularly

true since the informant had taken the officers to the appellant's apartment prior to application being made for a search warrant." *Anderson v. State,* 249 Ga. 132 (5), 135-6 (287 SE2d 195).

Defendants claim that since there were two dwellings on the premises which met the description of the warrant, the officers exceeded the scope of the warrant by searching all of the buildings.

The warrant described the larger residential building and stated that there were several trailers also on the premises. It authorized the search of the person and premises. Found on the premises were a residence and four trailers, one of which was a house trailer which was habitable. A chain link fence surrounded the premises.

" 'Premises' contemplates the entire living area used by its occupant. Living area may be otherwise expressed as the 'curtilage.' The word 'curtilage' includes yards and grounds of a particular address together with the gardens, barn and buildings thereon. [Cit.] The principle of curtilage comes to us from the common law and traditionally has included out-buildings, which may be searched as part of the 'premises' though not specifically described so long as permission has been obtained to search the 'premises.' [Cit.]" *Barton v. State,* 161 Ga. App. 591 (1), 592 (288 SE2d 914).

In the instant case, not only were the buildings other than the obvious larger residence accurately described as trailers by the warrant, but even if they had not been described at all, the officers would have been authorized to search them as part of the curtilage or premises of the residence.

The execution of the warrant is also attacked because defendant Sears was searched in a pat down for weapons resulting in a container with cocaine traces being found, when only Gumina, not Sears, was named in the warrant. Sears did not raise this issue at trial, thus there is nothing presented for this court to review. *Smith v. State,* 159 Ga. App. 349 (3) (283 SE2d 324). But even if the issue had been properly raised it would have no merit as the officers also had information that there were firearms on the premises, and searching officers may detain and search any person on the premises when the warrant is executed to protect themselves from attack or to prevent concealment of things described in the warrant to be seized. OCGA § 17-5-28 (Code Ann. § 27-309); *Campbell v. State,* 139 Ga. App. 389 (4) (228 SE2d 309), cert. denied, 429 U. S. 1083.

3. The remaining enumeration has no merit.

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 11, 1983.

*Linda S. Sheffield,* for appellant (case no. 65947).

*William D. Smith,* for appellant (case no. 65948).
*W. Bryant Huff, District Attorney, Genevieve L. Frazier, Assistant District Attorney,* for appellee.