### A03A1351. BRADFORD v. THE STATE.
(583 SE2d 484)

ANDREWS, Presiding Judge.

Michael Eugene Bradford was found guilty by a jury of shoplifting. His sole claim on appeal is that the trial court should have granted his motion for a mistrial made on grounds that the State improperly placed his character into evidence. For the following reasons, we find the trial court did not abuse its discretion in denying the motion for mistrial and affirm.

Bradford was charged with shoplifting merchandise from a Kroger store. A store employee testified that she saw Bradford walk out of the store with the merchandise without paying for it. As similar transaction evidence, the State showed that Bradford had engaged in two previous shoplifting incidents. The evidence was sufficient for a rational trier of fact to conclude that Bradford was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

While attempting to prove a third similar transaction, the State also produced testimony from a police officer who said he arrested Bradford on prior charges of shoplifting and giving a false name. The trial court struck the testimony regarding the false name charge and directed the jury to disregard it. The State attempted to show the similarity of the third prior shoplifting with testimony from an employee who worked at the store where the shoplifting occurred,

but the witness testified she could not remember the shoplifting incident. Because the trial court concluded the State failed to offer testimony establishing the similarity of the third prior shoplifting, the court subsequently granted Bradford's motion to exclude all the evidence offered by the State on this similar transaction. Bradford also moved for a mistrial on the basis that the police officer's testimony offered in support of the third similar transaction was prejudicial and improperly placed his character into evidence. The trial court denied the motion for a mistrial and gave curative instructions to the jurors telling them to disregard all the testimony offered by the State in support of the third similar transaction.

We find no error in the trial court's denial of the motion for a mistrial. Even if the police officer's testimony regarding the similar transaction was improperly placed before the jury, we find the error was harmless. Harm as well as error must be shown when similar transaction evidence is improperly admitted. *Washington v. State*, 253 Ga. App. 611, 617 (560 SE2d 80) (2002). Given the eyewitness description of the shoplifting and the proper introduction of two other similar transactions, we conclude it was highly probable the improperly admitted similar transaction evidence did not contribute to the guilty verdict. Id. Moreover, the decision to grant or deny a motion for a mistrial is a matter largely within the discretion of the trial court, and unless the grant of a mistrial is necessary to preserve the right to a fair trial the court's discretion will not be interfered with. *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982). Here, the trial court immediately ruled out the improperly admitted evidence and instructed the jury to disregard it. Id. Under the circumstances, the trial court did not abuse its discretion in concluding a mistrial was not necessary to preserve Bradford's right to a fair trial.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JUNE 11, 2003.

*Ryan J. Swingle*, for appellant.
*Kenneth W. Mauldin, District Attorney, Nickolas P. Chilivis, Jr., Assistant District Attorney*, for appellee.