A04A1354. CREWS v. THE STATE.
(605 SE2d 381)

RUFFIN, Presiding Judge.

A jury found Vernon Crews guilty of four counts of child molestation and one count of aggravated sodomy. Crews appeals, arguing that the court erred in denying his motion to suppress, admitting evidence that improperly impugned his character, and permitting a lay witness to give opinion testimony. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict,[1] the evidence shows that Pam Pittman, a Department of Family and Children Services' (DFCS) employee who specializes in child and adult protective services, interviewed three girls, S. M., J. J., and A. M., and one boy, D. M., regarding various allegations of child molestation against Crews.

The interviews revealed that in November 2001, S. M., J. J., A. M., and D. M., spent the night at Crews' house. Over the course of the evening, Crews made the children play a card game in which participants remove their clothing. While playing the game, Crews asked the girls to perform oral sex on him, which they refused to do, and he attempted to perform oral sex on them. Crews attempted to have vaginal intercourse with A. M. and S. M. He viewed and touched J. J.'s vagina, and he engaged in oral sex with J. J. He penetrated A. M. and J. J. with a vibrator and attempted to use the vibrator on S. M. He tried to have sex with D. M. and taught D. M. how to "jack off." He also showed the children "nasty videos" of men and women doing "dirty things."

In addition, Crews also took A. M. and S. M. to a "pallet" in the woods and asked S. M. to lie down nude, but she refused. While in the

---

[1] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

woods, he attempted to "mess with" A. M. and to have vaginal intercourse with both A. M. and S. M.

Following Pittman's interviews of these children, Investigator Al Evans of the Candler County Sheriff's Office contacted Investigator Ashley Riner of the Emanuel County Sheriff's Office. Based on the information provided by Evans, who had observed the interviews, Riner prepared an affidavit in support of a search warrant for Crews' property and an arrest warrant for Crews. Based on the facts contained in Riner's affidavit, a magistrate judge signed the search warrant. Riner subsequently searched the house, finding, among other things, a vibrator, a photo of two young girls, nude photographs of adults, and a Playboy magazine. The trial court denied Crews' motion to suppress this evidence.

1. Citing *Wood v. State*,[2] Crews argues on appeal that the trial court erred in denying his motion to suppress. We disagree.

A magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3] And, "[o]bservations by fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number. Further, information provided by police officers, arising out of an official investigation, may be used to establish probable cause for a search warrant."[4]

The *Wood* decision, in which we found that the "uncorroborated statement of an unnamed third-party source, as filtered through a reliable informant to a police affiant," did not support probable cause to issue a search warrant,[5] is simply inapposite. Here, four children, in separate interviews with Pittman, made consistent allegations of molestation against Crews. The children also alleged that they had been shown "nasty videos" and that they had been videotaped. Based on the facts given to him by Evans, who observed the interviews, Riner subsequently prepared a search warrant and an arrest warrant. And based on the facts contained in Riner's affidavit, the magistrate issued the warrant. Given the specificity of the allegations, there was probable cause to support the issuance of a search

---

[2] 214 Ga. App. 848 (449 SE2d 308) (1994) (physical precedent only).

[3] (Punctuation omitted.) *Schwindler v. State,* 254 Ga. App. 579, 580-581 (1) (563 SE2d 154) (2002).

[4] (Citations and punctuation omitted.) *York v. State,* 242 Ga. App. 281, 293 (7) (528 SE2d 823) (2000).

[5] *Wood,* supra at 849.

warrant.[6] Accordingly, the trial court did not err in denying Crews' motion to suppress.

2. Crews argues that the trial court erred in admitting at trial three nude photographs depicting adults. He argues that these photographs were not probative of the crimes charged and impermissibly brought his character into question.

"Admission of evidence is a matter which rests largely within the sound discretion of the trial judge, and if the evidence has a tendency to establish a fact in issue, that is sufficient to make it relevant and admissible. The Georgia rule favors admissibility of any relevant evidence no matter how slight its probative value."[7] However, "[i]n a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity."[8]

Here, testimony indicated that Crews repeatedly asked the victims to remove their clothing so that he could view their genitalia. Pretermitting whether the nude photographs of adults show his "bent of mind" to engage in such activity, the admission of these photographs constituted harmless error in light of the overwhelming evidence against Crews, which includes the testimony of the children.[9] Accordingly, the admission of these photographs presents no basis for reversal.[10]

3. Crews further argues that the trial court erred in allowing Pittman to give "opinion" evidence without a proper foundation. Again, we disagree.

Crews bases this argument on two statements made by Pittman when she was interviewing J. J. During that interview, Pittman said "[l]et's talk about this other thing that has happened" and "these are all bad things." We need not characterize this testimony as opinion or otherwise, because even if the comments were improperly admitted, such admission constituted harmless error in light of the overwhelming evidence against Crews.[11]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

---

[6] See *York*, supra.

[7] (Punctuation omitted.) *Davidson v. State*, 231 Ga. App. 605, 608 (3) (499 SE2d 697) (1998).

[8] *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999).

[9] See *Quintana v. State*, 276 Ga. 731, 734 (5) (583 SE2d 869) (2003).

[10] See id.

[11] See id.

DECIDED SEPTEMBER 16, 2004 —
RECONSIDERATION DENIED OCTOBER 1, 2004 —

*Lovett Bennett, Jr.*, for appellant.
*Steven Askew, District Attorney, Mary K. Mitchell, Assistant District Attorney*, for appellee.