A05A0757. SMITH v. THE STATE.
(616 SE2d 868)

BERNES, Judge.

Following a trial by jury, Raymond Andy Smith was convicted of trafficking in marijuana. He appeals contending in his sole enumeration of error that the trial court erred in denying his motion to suppress evidence seized during the execution of a search warrant at his residence. We find no error and affirm the trial court's decision.

> Upon reviewing a trial court's decision on a motion to suppress "the evidence is construed most favorably to uphold the court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). If there is any evidence to support the trial court's findings on disputed facts and credibility, they will not be disturbed unless clearly erroneous. Id." *Downey v. State*, 241 Ga. App. 821, 823 (527 SE2d 909) (2000). However, where, . . . "the evidence is (undisputed) and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

*Taylor v. State*, 249 Ga. App. 538 (1) (548 SE2d 662) (2001).

So construed, the evidence shows that the Wayne County Sheriff's Department received two separate reports of child molestation incidents involving Smith. One report was made by a Department of Family and Children Services ("DFACS") employee, who advised that during an interview, a female juvenile stated that she had been drugged and molested by Smith at his residence. The juvenile also reported that Smith had a picture album containing photos of nude juvenile girls at his residence. Thereafter, the Wayne County Sheriff's Department interviewed Smith's juvenile daughter, who also stated that Smith had drugged her and then had sex with her on numerous occasions.

An investigating detective obtained the address and a description of the premises from Smith's ex-wife and daughter, as well as driving directions. The investigating detective drove to the premises several times, and confirmed the accuracy of the directions and the

property description. Based upon his observations, the detective also confirmed that Smith resided on the premises containing a block house, a trailer, a shed, and a converted garage/shed ("converted shed") at the address of 311 A.B. Smith Road.

An investigating deputy presented the affidavit to the magistrate and obtained a search warrant authorizing the officers to search and seize evidence of "child molestation and sexual exploitation of children" at the premises and curtilage of 311 A.B. Smith Road.

During the execution of the search warrant, the officers encountered a strong odor of marijuana and observed in plain view small amounts of marijuana scattered throughout the floor of the converted shed where Smith was found. Thereafter, Smith voluntarily informed the officers that there was more marijuana stored in the safe in his bedroom, and gave the officers a key to the safe where they found over 100 pounds of marijuana. As a result of the search of Smith's converted shed, the officers seized several pornographic photos and computer discs of Smith's minor daughter and several other juvenile females.[1] The officers also discovered and seized more than 100 pounds of marijuana, weight scales, $1,439 in U. S. currency, and loaded weapons.

1. Smith contends the trial court erred in denying his motion to suppress alleging the affidavit failed to establish probable cause for issuance of the warrant. In determining whether probable cause exists for the issuance of a search warrant, the magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Citation and punctuation omitted.) *DeYoung v. State*, 268 Ga. 780, 786-787 (7) (493 SE2d 157) (1997). This Court's review of the magistrate's decision is limited to "determin[ing] if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search warrant[ ]. [Cit.]" Id. at 787 (7). Substantial deference is afforded to a magistrate's decision to issue a search warrant based on a finding of probable cause. Id.

The affidavit in this case alleged in pertinent part as follows:

---

[1] Smith was charged with two counts of child molestation under a separate indictment in Case No. 151-03-CR-208. In the instant case, however, Smith was indicted for felony trafficking in marijuana (Count 1) and possession of a firearm by a convicted felon (Count 2). Following the conviction for felony trafficking in marijuana, the possession of a firearm by a convicted felon charge was nolle prossed.

Dedra Stephens with DFACS contacted the Wayne County Sheriff's Office and advised that she interviewed a female juvenile on 4-23-03 who stated that she had been over at the above residence [311 A.B. Smith Road] within the past three weeks to help clean up Raymond Andy Smith's residence. The female juvenile advised that while at Raymond Andy Smith's residence, he drugged her with pills and then had sex with her. The female juvenile also advised that Raymond Andy Smith has a picture album of nude juvenile females within his residence.

On 5-7-03, the Wayne County Sheriff['] s Office interviewed a female juvenile who is the daughter of Raymond Andy Smith who advised that Raymond Andy Smith drugged her and then had vaginal sex with her numerous times over a four-year period. . . .

Based on the knowledge, training and experience of this affiant [(the investigating deputy)], it is known that child molesters keep evidence of sexual exploitation of children inside their residence hidden out of [sight] of Law Enforcement. There is probable cause to believe that materials involving Child Molestation and Sexual Exploitation of Children, is present at 311 A.B. Smith Road based on the circumstances at hand.

Smith initially attacks the warrant complaining that the affiant, a deputy sheriff, lacked personal knowledge of the facts alleged in the affidavit. However, the record reveals that the investigating officers shared information and worked together on the case. "Local law enforcement officers participating in a common investigation are reliable informants. Information provided by police officers, arising out of an official investigation, may be used to establish probable cause for a search warrant." (Citations and punctuation omitted.) *Caffo v. State*, 247 Ga. 751, 754-755 (2) (b) (279 SE2d 678) (1981). See also *Crews v. State*, 269 Ga. App. 814, 815 (1) (605 SE2d 381) (2004) ("[O]bservations by fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number.") (punctuation and footnote omitted); *Johnson v. State*, 265 Ga. App. 777, 781 (2) (595 SE2d 625) (2004) ("An officer may rely on information communicated by fellow officers for probable cause.") (footnote omitted).

Moreover, the information presented in the affidavit came from nonconfidential informants, a DFACS employee and the alleged

victims.[2] "[B]ecause the non-confidential hearsay informant[s] [were] the victim[s] of [the] crime[s], there was no requirement that [their] reliability be further corroborated in order to show that probable cause existed." (Citation and punctuation omitted.) *Miller v. State*, 219 Ga. App. 213, 216 (2) (464 SE2d 621) (1995).

The totality of the circumstances described in the affidavit provided the magistrate with a substantial basis for concluding that a fair probability existed that evidence of a crime would be found at Smith's residence. *DeYoung*, supra at 786-788 (7) (a), (b); *Blevins v. State*, 270 Ga. App. 388, 393-394 (4) (606 SE2d 624) (2004). See also *Crews*, supra at 815-816 (1) (finding probable cause to support issuance of the warrant given the specificity and the consistency of the children's allegations of molestation against the defendant given in separate interviews); *Walsh v. State*, 236 Ga. App. 558, 559 (1) (a) (512 SE2d 408) (1999) (finding probable cause to support issuance of the warrant authorizing seizure of photographs where the officer's affidavit explained that child molesters often keep a "trophy," sometimes in the form of a photograph to remind themselves of the victim).

2. Smith next contends the warrant failed to particularly describe the place to be searched. We disagree. "The test for the sufficiency of a premises description is whether on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty." (Citation and punctuation omitted.) *Gumina v. State*, 166 Ga. App. 592, 594 (2) (305 SE2d 37) (1983).

The search warrant specifically identified the premises by its address of 311 A.B. Smith Road. The warrant further described all of the structures on the premises, including the block house, single-wide trailer, shed, and converted shed that were identified and known to be part of the entire premises. See *Gumina*, supra at 594-595 (2) (authorizing search of premises, including residence and four trailers); *Barton v. State*, 161 Ga. App. 591, 592 (1) (288 SE2d 914) (1982) (warrant properly authorized search of premises, including residence and shed; "premises" contemplates search of the entire living area used by its occupants, including outbuildings and curtilage).

The warrant and affidavit also contained detailed directions to the premises. While the evidence was disputed as to the accuracy of the address and directions to the premises, the trial court's findings

---

[2] Smith contends that the affidavit also contained information about alleged drug dealing activities from a confidential informant whose reliability had not been established. While Smith's contention may be factually accurate, the affidavit established probable cause for issuance of the warrant independent of this averment. See *Dorminey v. State*, 205 Ga. App. 806, 807 (1) (423 SE2d 698) (1992).

on these issues were not clearly erroneous. The description contained in the warrant was sufficient to permit a prudent officer to locate the premises. See *State v. Hicks*, 269 Ga. App. 741 (605 SE2d 34) (2004) (finding that a reasonably prudent officer could locate the residence to be searched based on the description, directions and address provided in the affidavit); *Gumina*, supra at 594.

3. Smith also alleges that the warrant was invalid on the grounds that the affidavit and warrant insufficiently described the items to be seized. However, we disagree with Smith's allegation. "When circumstances make an exact description of instrumentalities, a virtual impossibility, the searching officer can only be expected to describe the generic class of items he is seeking." (Citations and punctuation omitted.) *Butler v. State*, 130 Ga. App. 469, 473 (2) (203 SE2d 558) (1973). We find the warrant's general description of items evidencing "child molestation and sexual exploitation of children in violation of OCGA § 16-12-100.2" was sufficient.[3] See *Tyler v. State*, 176 Ga. App. 96, 97 (1) (335 SE2d 691) (1985) (finding that search warrant description authorizing search for " 'pornographic material which is in violation of Georgia law' " sufficiently described items to be seized). Moreover, the affidavit for the warrant specifically described the evidence sought as "materials involving Child Molestation and Sexual Exploitation of Children including but not limited to pictures, computers, and videos. . . ." See *Cooper v. State*, 212 Ga. App. 34, 35-36 (2) (441 SE2d 448) (1994); *Tyler*, supra at 98 (1).

4. Finally, Smith complains that the officers' seizure of the marijuana was not authorized pursuant to the terms of the warrant. However,

> The plain view doctrine authorizes a police officer to seize an illegal item if the officer is lawfully in a place where he can see the item and if he has a lawful right of access to it. An officer gains lawful access to an item in plain view by obtaining a search warrant. . . .

(Footnotes omitted.) *Benton v. State*, 240 Ga. App. 243, 244 (1) (522 SE2d 726) (1999).

As such, the officers in this case were authorized to seize the marijuana they found during the execution of the search warrant.[4] "When a police officer is executing a search warrant, he may seize not

---

[3] OCGA § 16-12-100.2 contains criminal provisions relating to "[c]omputer pornography and child exploitation prevention."

[4] We note that the officers were authorized to search the safe as it was a place where the evidence of child molestation and sexual exploitation which the officers were seeking might reasonably be found. See *Moss v. State*, 275 Ga. 96, 104 (14) (561 SE2d 382) (2002).

only items related to the crime with which the search is made, but items related to other crimes without prior enumeration in [the] warrant. *Butler*[, supra]. *Dugan v. State*, 130 Ga. App. 527 (203 SE2d 722) (1974)." (Punctuation omitted.) *Martin v. State*, 165 Ga. App. 802, 803 (2) (302 SE2d 717) (1983). "The fact that the police officers seized items not listed in the warrant did not render the search a general one or make it unlawful." (Citations and punctuation omitted.) *McBee v. State*, 228 Ga. App. 16, 21 (3) (491 SE2d 97) (1997). See also *Pope v. State*, 134 Ga. App. 455, 456 (2) (214 SE2d 686) (1975) (finding that seizure of marijuana during execution of warrant authorizing search for gambling paraphernalia was proper where the marijuana was discovered in a chest in which gambling paraphernalia could have been hidden).

The trial court did not err in denying Smith's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 29, 2005.

*David J. Farnham*, for appellant.
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.