A05A2145. DANIELS v. THE STATE.
(629 SE2d 36)

BERNES, Judge.

A Forsyth County jury convicted appellant Gaylon Neil Daniels of aggravated child molestation, aggravated sexual battery, three counts of child molestation, and cruelty to children in the first degree. In this appeal, Daniels contends that the trial court erred in denying his motion in limine/motion to suppress evidence; in denying his motion for a mistrial made after a state's witness referred to Daniels' prior convictions for child molestation; and in failing to merge certain of the counts at sentencing. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the trial evidence shows that on or about March 17, 2002, the ten-year-old victim, M. D., informed his mother that Daniels, his uncle, had been molesting him when M. D. visited with his father. M. D.'s mother and father were divorced and the acts of molestation occurred when M. D. and his younger brother went for their regular weekend visitations with their father at the trailer where Daniels also lived. M. D.'s mother reported the allegations to the Forsyth County Sheriff's Department the next morning. The Sheriff's Department referred M. D. and his mother to the Forsyth County Child Advocacy Center, where a videotaped interview of M. D. was conducted.

On the videotape and at trial, M. D. described numerous acts of molestation perpetrated by Daniels over a period of time. Daniels had repeatedly orally sodomized M. D., had repeatedly rubbed his penis between M. D.'s buttocks and on more than one occasion, had penetrated M. D.'s anus with his finger and placed his hand on M. D.'s penis. M. D. described several of the acts as painful. He recounted one incident in which Daniels forced M. D. to place his hand on Daniels' penis and another in which Daniels forcibly touched M. D.'s penis. M. D. also described sexual acts in which Daniels rubbed lotion on M. D.'s naked body, "French kissed" M. D., ejaculated in the presence

of M. D., and rubbed a battery operated sex toy shaped like a penis on M. D.'s buttocks. Daniels also showed M. D. pornographic magazines.

All of the incidents occurred in Daniels' bedroom, where a computer was located. M. D. enjoyed playing computer games, and Daniels had told M. D. that if he did not participate in the sexual acts, Daniels would not let him play on the computer. Daniels also attempted to bribe M. D. by giving him money to keep the molestation a secret, and threatened that both of them would be in trouble if M. D. disclosed the abuse.

After M. D.'s interview at the Advocacy Center, an investigating detective sought and obtained a search warrant for Daniels' residence. During execution of the search warrant, the detective seized lotion, three computers, a plastic penis, and pornographic magazines, all of which were found in Daniels' room. The computers were sent to the Georgia Bureau of Investigation Crime Lab for analysis of their contents. Photographs retrieved from Daniels' computer depicted M. D. naked, in Daniels' room, sitting on Daniels' lap.

On March 22, 2002, five days after M. D. disclosed the sexual abuse, he was examined by Dr. Terese DeGrandi, a licensed pediatric physician and medical director at the Center for Advocacy & Protection at Scottish Rite Hospital. Dr. DeGrandi discovered deep healing lacerations around M. D.'s rectum, and a lesion on his penis which was diagnosed to be Herpes II. A later test of Daniels' blood revealed he also had Herpes II. Shortly after M. D. disclosed the acts of molestation, he began undergoing therapy with a counselor and at the time of trial, was still seeing a counselor on a weekly basis.

At trial, R. B., another of Daniels' nephews, testified to acts of child molestation Daniels had perpetrated upon him and for which Daniels had previously been convicted.

1. Daniels contends that the trial court erred in denying his motion to suppress evidence seized from his residence pursuant to a search warrant. He contends the warrant was issued without probable cause, incorrectly identified the premises to be searched, and improperly authorized the search and seizure of computers in the residence. We disagree.

> In determining whether probable cause exists for the issuance of a search warrant, the magistrate's task is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. This Court's review of the magistrate's decision is limited to determining if the magistrate had a

substantial basis for concluding that probable cause existed to issue the search warrant. Substantial deference is afforded to a magistrate's decision to issue a search warrant based on a finding of probable cause.

(Citations and punctuation omitted.) *Smith v. State*, 274 Ga. App. 106, 107 (1) (616 SE2d 868) (2005).

The affidavit for the search warrant averred that on March 19, 2002, M. D., the child victim, was interviewed at the Forsyth County Child Advocacy Center, at which time M. D. disclosed that Daniels, M. D.'s uncle, had been molesting him for the past year and a half at Daniels' residence at 5880 Hubbardtown Road. The affidavit described the child molestation incidents reported by M. D. and items used by Daniels during the incidents, such as lotion, pornographic magazines, and a white plastic penis. The affidavit further noted that M. D. had reported that Daniels had a computer in his room. The affiant, the investigating detective, attested that, based on his experience and training, persons involved in acts of child molestation often use their computers to perpetrate their illegal acts and to maintain files and data related to their illegal acts. The affiant also informed the magistrate, by way of sworn testimony, that Daniels had previously been convicted of child molestation. See *Pettus v. State*, 237 Ga. App. 143, 144 (2) (514 SE2d 901) (1999) ("trial court may consider oral testimony presented to a magistrate in support of the issuance of a warrant") (citation omitted). Given the totality of the circumstances, the magistrate was presented with a substantial basis for concluding that evidence of the child molestation crime would be found at Daniels' residence. See *Smith*, 274 Ga. App. at 108-109 (1).

(a) *Description of the location to be searched.* Daniels contends the warrant failed to particularly describe the place to be searched. "The test for the sufficiency of a premises description is whether on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty." (Citation and punctuation omitted.) *Gumina v. State*, 166 Ga. App. 592, 594 (2) (305 SE2d 37) (1983). The search warrant and supporting affidavit specifically identified the premises by its address and contained detailed driving directions to the premises. The affidavit further described all of the structures on the premises, i.e., a trailer, a camper and a garage, and specified that "[t]he trailer [was] the residence in question."

As explained in the supporting affidavit, the affiant had verified appellant's address using the Haynes Directory and the yellow pages and through conversation with M. D.'s mother. Furthermore, M. D.'s father, who also lived at the residence, testified at trial that the

residence address was the same address as that specified in the warrant. See *McCray v. State*, 268 Ga. App. 84 (601 SE2d 452) (2004) ("in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial") (citation and punctuation omitted). While Daniels disputed the accuracy of the premises address, the trial court's finding on this issue was not clearly erroneous. See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). The property description contained in the warrant and affidavit was sufficient to permit a prudent officer to locate the premises. *Smith*, 274 Ga. App. at 109-110 (2); *State v. Hicks*, 269 Ga. App. 741, 743 (605 SE2d 34) (2004).

(b) *Search and seizure of the computers*. Daniels further contends that the search warrant failed to set forth probable cause to search and seize the computers found in his bedroom or to extract the photographs of M. D. found on the computers. While the affidavit did not expressly aver that Daniels used computers to store photos of M. D. or to expose him to pornographic images, it did note M. D. had reported that Daniels had a computer in his room. As previously stated, the affiant informed the magistrate that Daniels had previously been convicted of child molestation and attested that based on his experience and training, persons involved in acts of child molestation often use their computers to perpetrate their illegal acts and to maintain files and data related to their illegal acts.

The facts and circumstances presented to the magistrate established a fair probability that evidence of the crime of child molestation would be found in the computers. The magistrate had a substantial basis for concluding that there was probable cause to seize Daniels' computers, to search the computers for evidence of the molestation crimes and to extract from the computers photos of M. D., depicting M. D. naked and sitting on Daniels' lap. *Smith*, 274 Ga. App. at 108 (1) (finding probable cause to support issuance of a warrant for seizure of photos based on the victim's allegations of child molestation occurring at the residence and the officers' affidavit explaining that child molesters often keep evidence of the crime hidden out of the sight of law enforcement); *Walsh v. State*, 236 Ga. App. 558, 559 (1) (a) (512 SE2d 408) (1999) (finding probable cause to support issuance of the warrant authorizing seizure of photographs where the officer's affidavit explained that child molesters often keep a "trophy," sometimes in the form of a photograph to remind themselves of the victim); *Lemon v. State*, 279 Ga. 618, 621 (1) (619 SE2d 613) (2005) (upholding search warrant in domestic violence/murder case authorizing seizure of "pornographic mediums, letters, computers, papers that indicate problems in the relationship between the two") (punctuation and emphasis omitted).

A search warrant that fails to state with sufficient specificity what items can be seized is a general warrant and violates the state and federal constitutions. *Dobbins v. State*, 262 Ga. 161, 164 (3) (415 SE2d 168) (1992). A statement in the affidavit that "[t]he affiant or designee will determine what information constitutes evidence of the offenses . . ." did not convert the search warrant into a general warrant. Read in context, this statement merely described the procedures which would be utilized to minimize the intrusiveness of the search and to extract the relevant information. The affidavit specifically described the items to be seized as "[p]hotographs . . . depicting nudity and or sexual activities involving juveniles or other adults" and "evidence of the offenses of Aggravated Child Molestation, Child Molestation, Enticing a Child for Indecent Purposes, and Cruelty to Children." This description of the items to be seized was sufficient. See *Smith*, 274 Ga. App. at 110 (3); *Tyler v. State*, 176 Ga. App. 96, 97 (1) (335 SE2d 691) (1985).

2. Daniels further claims that the trial court erred in denying his motion for a mistrial made after state's witness Dr. Terese DeGrandi referred to Daniels' prior convictions for child molestation during her testimony. Following the trial court's denial of his motion, Daniels' trial counsel requested "some sort of instruction from the Court about . . . the witness' testimony." The trial court agreed to give the jury a limiting instruction but stated it would do so prior to the state's introduction of the similar transaction evidence. Daniels did not object to the trial court's announcement and thereafter, failed to renew his motion for a mistrial following the trial court's instruction. "It is well settled that where a defendant objects and moves for mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion." (Footnote omitted.) *Rambo v. State*, 266 Ga. App. 791, 793 (2) (598 SE2d 85) (2004). Because Daniels failed to renew his motion for mistrial, he has waived this allegation of error on appeal. *Callahan v. State*, 179 Ga. App. 556, 564 (5) (347 SE2d 269) (1986).[1]

We nevertheless note that Daniels was not harmed by admission of the challenged evidence. Dr. DeGrandi's statement was brief and inadvertent and properly admitted evidence of Daniels' prior convictions was subsequently introduced at trial. *Bradford v. State*, 261 Ga. App. 621, 622 (583 SE2d 484) (2003).

---

[1] Daniels also complains that the limiting instruction should have been given immediately following the denial of his motion for mistrial. However, this objection was not raised at trial and is likewise waived. *Turner v. State*, 235 Ga. App. 331, 333 (508 SE2d 786) (1998).

3. Next, Daniels contends that all of the offenses for which he was found guilty should have merged as a matter of fact into the cruelty to children count. We disagree.

"Under Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact." (Citation omitted.) *Wells v. State*, 222 Ga. App. 587, 588 (3) (474 SE2d 764) (1996). "[I]f an offense as charged in the indictment includes the commission of another charged offense, the latter offense is necessarily included in the former as a matter of fact." (Citation omitted.) Id. "We look to [the] actual evidence introduced at trial to determine whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6." (Citation and punctuation omitted.) *Edmonson v. State*, 219 Ga. App. 323 (1) (464 SE2d 839) (1995), overruled on other grounds, *Collins v. State*, 229 Ga. App. 658 (495 SE2d 59) (1997). "If the [S]tate uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." (Citation and punctuation omitted.) Id.

Daniels was convicted of aggravated child molestation based upon his acts of placing his mouth on and about M. D.'s penis (Count 1); aggravated sexual battery based on his acts of penetrating M. D.'s anus with his finger (Count 3); and child molestation based on his acts of placing his hand on and about M. D.'s penis (Count 4), placing his penis on and about M. D.'s buttocks (Count 5), and placing M. D.'s hand upon his penis (Count 6). Count 7 of the indictment charged Daniels with the offense of cruelty to children in the first degree based on allegations that he maliciously caused M. D. cruel and excessive physical and mental pain by subjecting him to repeated incidents of sexual abuse. Although the allegations of Count 7 of the indictment failed to specify which repeated incidents of sexual abuse served as the basis for the cruelty to children offense, M. D. recounted multiple incidents of the acts alleged in the indictment.[2] Thus, "[t]he evidence here did not require merger." (Citation omitted.) *Edmonson*, 219 Ga. App at 323 (1). Moreover, the record is replete with acts of sexual abuse other than those alleged in the indictment. The state did not use up evidence that defendant committed one crime in proving another.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[2] The sole exception being that M. D. testified that the acts alleged in Count 6 occurred on only one occasion.

DECIDED MARCH 13, 2006 —
RECONSIDERATION DENIED MARCH 22, 2006.

*Jeffrey S. Purvis*, for appellant.
*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.