## A08A1510. McCAIN v. THE STATE.
(665 SE2d 912)

RUFFIN, Presiding Judge.

A jury found Renna McCain guilty of theft by shoplifting. In her sole enumeration of error, she argues that the trial court should have granted a mistrial after evidence was introduced regarding an earlier shoplifting incident at a different store. For reasons that follow, we affirm.

McCain and Sabrina Dennis were charged with shoplifting various items from a Belk department store on December 2, 2006. Viewed in a light most favorable to the verdict,[1] the record reflects

---

[1] See *Taylor v. State*, 270 Ga. App. 637, 638 (2) (607 SE2d 163) (2004).

that McCain and Dennis entered the store accompanied by two small children. One of the children was in a stroller provided by the store. A Belk loss prevention officer observed Dennis place a blender in the stroller and saw both women cover it with a large winter coat, completely concealing it. McCain and Dennis then went to a digital camera display, where McCain took three digital cameras and both women concealed them under the coat. When McCain and Dennis had passed the last cash register and were preparing to leave the store, they noticed the loss prevention officer. Dennis said, "Get rid of the stuff! He's watching us." McCain and Dennis removed some merchandise from the stroller, pushed it beneath a table, and exited the store. They were detained by store personnel, who found one digital camera still in the stroller.

At trial, the State introduced McCain's guilty plea to shoplifting from the same store in January 2004 as a similar transaction. During testimony about this similar transaction, the witness stated that McCain also had "merchandise concealed on her person that had come from another store." Trial counsel objected to this testimony and moved for a mistrial, which the trial court denied. On appeal, McCain argues that the "introduction of evidence regarding merchandise from a store other than [Belk] is not properly within the scope of the similar transaction and amounted to inadmissible character evidence."

The decision to deny a mistrial is within the trial court's discretion, and we will not reverse it "unless the grant of a mistrial is necessary to preserve the right to a fair trial."[2] Here, we find no need to reverse. Pretermitting whether the reference to McCain's possession of items from another store was inadmissible character evidence, we conclude that any error in allowing this reference was harmless.[3] Harm as well as error must be shown when such evidence is improperly admitted.[4] As there was an eyewitness description of the shoplifting and another properly introduced similar transaction, it is unlikely that the brief reference to other merchandise contributed to the guilty verdict in this case.[5] Accordingly, we affirm the trial court's denial of the motion for mistrial.[6]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JULY 23, 2008.

---

[2] *Bradford v. State*, 261 Ga. App. 621 (583 SE2d 484) (2003).

[3] See id.

[4] See *Cornell v. State*, 289 Ga. App. 52, 55 (656 SE2d 191) (2007).

[5] See id.; *Bradford*, supra.

[6] See *Bradford*, supra.

*Daniel D. Morgan*, for appellant.

*Leigh E. Patterson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.