# Court of Appeals
# of the State of Georgia

ATLANTA, October 22, 2015

*The Court of Appeals hereby passes the following order:*

**A16D0071. VERNON CREWS v. THE STATE.**

A jury found Vernon Crews guilty of four counts of child molestation and one count of aggravated sodomy, and we affirmed his conviction on appeal. See *Crews v. State*, 269 Ga. App. 814 (605 SE2d 381) (2004). Crews filed a pro se extraordinary motion for new trial, which the trial court denied. Crews then filed this discretionary application.

Although Crews included a copy of the trial court's order, which shows that it was signed by the judge on August 26, 2015, the order was not a stamped "filed" copy as required by Court of Appeals Rule 31 (e). Without the stamped "filed" copy of the order, we cannot ascertain if the application was filed within 30 days of the day it was entered by the clerk, which is a jurisdictional requirement. See OCGA § 5-6-35 (d); *Boyle v. State of Ga.*, 190 Ga. App. 734 (380 SE2d 57) (1989). Accordingly, on October 5, 2015, we ordered Crews to supplement his application within ten days with a stamped "filed" copy of the order to be appealed. We provided that failure to comply with this directive would result in dismissal of the application. Crews has not

submitted a stamped "filed" copy of the order, and more than ten days have passed

since the October 5th order.[1] Accordingly, Crews' application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*<u>    10/22/2015    </u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

<u>          Stephen E. Castlen        </u>*, Clerk.*

---

[1] Crews did supply a second order, but it was not the stamped "filed" copy of the order he seeks to appeal. Rather, he submitted a copy of an order the judge signed in July 2015.