## A00A1758. MEAD v. THE STATE.
(542 SE2d 541)

BLACKBURN, Presiding Judge.

Following a jury trial, William Larry Mead appeals his conviction for secreting property to defraud another. Mead contends both that the offense of endangering a security interest is, based on the facts of this case, a lesser included offense of secreting property to defraud another and that the trial court erred by denying his written request to charge the jury on endangering a security interest. Because we find, contrary to Mead's arguments, that endangering a security interest is not a lesser included offense of secreting property to defraud another in this case, we affirm.

Construed in the light most favorable to the verdict, the record shows that, Mead, using an alias, purchased a car from Auto Smith and financed it through Auto Acceptance Corporation. Although Mead lied on several parts of his credit application, his loan application was still accepted. Thereafter, Mead failed to make the required payments on his car loan, and Auto Acceptance attempted to repossess the car. The repossessor went to Mead's home, and Mead answered the door. Mead told the repossessor, who did not know him, that she had the wrong person and address. The repossessor then looked at a picture of Mead's driver's license in her file, realized that Mead had lied to her, and returned to confront him about the car. Mead responded, "you're not getting the car . . . and nobody else is either." Then, as the repossessor was leaving, Mead opened his garage, got in the car being sought, and sped away. The car was never recovered.

Mead was subsequently indicted for the felony offense of secreting property to defraud another. During Mead's trial, he made a written request to charge the jury on the misdemeanor offense of endangering a security interest as a lesser included offense. The trial court denied Mead's request, and he was convicted for secreting property to defraud Auto Acceptance. Mead now appeals the trial court's denial of his request to charge.

Pursuant to OCGA § 16-1-6, a defendant may be convicted of an offense which is included in the crime for which he is indicted when:

(1) [the offense] is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) [the offense] differs from the crime charged only in the respect that a less serious injury or risk of injury to the

same person or a lesser kind of culpability suffices to establish its commission.

(Punctuation omitted.) *Fulton v. State*.[1] See also *Stephens v. Hopper*.[2]

One crime may be a lesser included offense of another as a matter of law or as a matter of fact. On appeal, Mead does not contend that endangering a security interest is a lesser included offense of secreting property to defraud another as a matter of law,[3] but he does contend that it is a lesser included offense in this case as a matter of fact.

> [T]he lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. . . . Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Punctuation and emphasis omitted.) *Strickland v. State*.[4] See also *Haynes v. State*.[5]

In the present case, Mead was indicted for secreting property to defraud another, which is accomplished when: "A person . . . knowingly and with intent to defraud another person damages, destroys, or secretes any property of whatever class or character, whether the property of himself or of another person." OCGA § 16-9-53. Specifically, Mead's indictment accused him of: "SECRETING PROPERTY TO DEFRAUD ANOTHER [by] knowingly secret[ing] a certain 1990 Cadillac Allante, a motor vehicle, with the intent to defraud Auto Acceptance Corporation."

Mead asked that the jury be instructed with regard to OCGA § 16-9-51 (a) which provides: "[A] person who destroys, removes, conceals, encumbers, transfers, or otherwise deals with property *subject to a security interest with intent to hinder enforcement of that interest* shall be guilty of a misdemeanor." (Emphasis supplied.)

---

[1] *Fulton v. State*, 232 Ga. App. 898, 899 (503 SE2d 54) (1998).

[2] *Stephens v. Hopper*, 241 Ga. 596, 599-600 (247 SE2d 92) (1978).

[3] Endangering a security interest is not a lesser included offense of secreting property to defraud another as a matter of law. The two crimes are not required to always be proven by the same set of facts. See, e.g., *Golden v. State*, 233 Ga. App. 703, 704 (2) (a) (505 SE2d 242) (1998). To the contrary, endangering a security interest requires the proof of two additional facts: (1) the existence of a security interest in the property concealed and (2) the defendant's concealment of the property was intended to hinder the security interest.

[4] *Strickland v. State*, 223 Ga. App. 772, 774 (479 SE2d 125) (1996).

[5] *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185) (1982).

While Mead's indictment does allege facts sufficient to establish secreting property to defraud another, it does not allege facts sufficient to establish endangering a security interest. Indeed, nothing in the indictment alleges that the Cadillac was subject to a security interest or that Mead had any intent to endanger that interest.

Because the indictment narrowly charged Mead with secreting a property interest to defraud another and the facts alleged in the indictment are insufficient to establish endangering a security interest, the trial court appropriately denied Mead's request to charge the jury on the latter crime as a lesser included offense.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 15, 2000.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.