## A06A0896. THE STATE v. HENLEY.
(630 SE2d 911)

BLACKBURN, Presiding Judge.

The State appeals the trial court's grant of John Russell Henley's motion to suppress computer equipment seized during the execution of a search warrant at Henley's residence. Specifically, the State contends that the trial court erred in ruling that the search warrant was overly broad, in that the officers seeking the warrant did not have probable cause to seize Henley's computer equipment. For the reasons that follow, we reverse.

"Where, as here, there is no conflicting evidence as to critical facts, the de novo standard is appropriate." *State v. Lane.*[1] See *Vansant v. State.*[2] The record shows that while investigating a child pornography distributor (who is not involved in this appeal), federal postal inspectors discovered a list of the distributor's customers, orders, and shipping labels. The documents included an invoice for an order placed by Henley. Based on this information, postal inspectors approached Henley outside his apartment, identified themselves, and asked him whether they could speak with him about their investigation of the distributor. With Henley's permission, they entered Henley's apartment, where they asked Henley about the invoice from the distributor to Henley. Henley admitted purchasing videotapes from the distributor, but he refused to let the inspectors search his apartment for the tapes and requested an attorney. The inspectors then left and met with local police to obtain a warrant to search Henley's apartment.

Based on the invoice and their conversation with Henley, the investigators prepared an affidavit and provided testimony before a magistrate, who issued a warrant to search Henley's apartment. Upon executing the warrant, the investigators seized numerous videotapes, a desktop computer, and a laptop computer. Henley was charged with two counts of sexual exploitation of children and tampering with evidence. Prior to trial, Henley moved to suppress the

---

[1] *State v. Lane,* 275 Ga. App. 781, 782 (621 SE2d 862) (2005).
[2] *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

items seized, and, after a hearing, the trial court denied Henley's motion with the exception of the laptop computer, which suppression the State now appeals.

The State contends that the trial court erred in ruling that the warrant issued by the magistrate was overly broad in identifying the items for which officers could search. We agree.

> In determining probable cause for a search warrant, the magistrate is merely to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before the magistrate, including the veracity and basis of knowledge of persons supplying hearsay information, *there is a fair probability that contraband or evidence of a crime will be found in a particular place*. Ultimately, this Court's role on review is to determine if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. Further, doubtful cases should be resolved in favor of upholding search warrants.

(Citation and punctuation omitted; emphasis supplied.) *State v. Hall*.[3] See *Davis v. State*[4] ("[t]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants") (punctuation omitted).

Here, the affidavit specifically named the titles of several videotapes alleged to contain child pornography and set forth the following additional facts:

> Investigation has revealed that Henley bought five video tapes during the past five years from a company, Cultural Research Team (CRT). The titles listed above are known to have illegal content relating to child pornography. When asked about the tapes by postal inspectors today, Henley told them that he had viewed the tapes partially. He became very nervous at that point and would not allow the inspectors to look for them. Inspectors asked to view the tapes and he would not allow that either.

> Due to the frequency with which evidence is stored on computer hard drives, it is likely that Henley would also store these items on the CPU. Inspectors often find that those who possess illegal photos and videos often store same

---

[3] *State v. Hall*, 276 Ga. App. 769, 771 (624 SE2d 298) (2005).
[4] *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996).

on computers. Agents must obtain the CPU to check for this evidence.

A postal inspector also testified before the magistrate that he had personally viewed one of the videotapes named in the warrant, which was listed on the invoice sent to Henley, and that it contained illegal images relating to child pornography. Based on this information, the magistrate issued the search warrant to search for the videotapes identified in the invoice, as well as "photographs, video tapes, computers, CD roms, diskettes, other media related to child pornography depicting any lewd acts or material that would be illegal to possess due to its content relating to child pornography."

The trial court ruled that the officers only demonstrated probable cause to search for the original tapes listed in the invoice, and that the warrant should not have included the general items listed in addition to the specifically named videotapes.[5] However, the magistrate who issued the warrant need only have found a "fair probability that contraband or evidence of a crime will be found in a particular place," i.e., the computer equipment. *State v. Hall*, supra, 276 Ga. App. at 771. The affidavit contained information based on the experience of officers investigating child pornography, which indicated that in such cases, illegal images are often stored on computers. This Court has previously approved of a magistrate's authorization to seize a computer relying in part on an officer's affidavit based on his experience and training regarding the likelihood of a computer to contain evidence of child molestation, even where the affidavit did not explicitly aver that the computer was used to commit the crime being investigated. *Daniels v. State.*[6] See also *Walsh v. State.*[7] We note that, here, Henley was not accused of child molestation, but we similarly recognize the utility of the officers' experience with investigation of child pornography in determining the existence of probable cause to search for computer equipment. Under the totality of the circumstances presented, including the admission by Henley that he had received and viewed videotapes identified by the investigator as containing child pornography, the magistrate was authorized to make a pragmatic, common-sense judgment that there was a fair probability that computer equipment in Henley's residence contained illegal images. See *State v. Hall*, supra, 276 Ga. App. at 771.

---

[5] Relying on the "plain view" doctrine, the trial court ruled that other videotapes not named in the warrant, but found in the same location, were properly seized pursuant to the warrant. See *Dobbs v. State*, 223 Ga. App. 381, 385 (2) (477 SE2d 657) (1996). That ruling is not at issue in this appeal.

[6] *Daniels v. State*, 278 Ga. App. 332, 335 (1) (b) (629 SE2d 36) (2006).

[7] *Walsh v. State*, 236 Ga. App. 558, 559 (1) (a) (512 SE2d 408) (1999).

Accordingly, the trial court erred in ruling that the search warrant improperly authorized the seizure of Henley's computer equipment.
*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MAY 11, 2006.

*Cecilia M. Cooper, District Attorney, Daniel P. Bibler, Assistant District Attorney*, for appellant.
*William J. Murray*, for appellee.