A06A1225. STULB v. THE STATE.
(631 SE2d 765)

BLACKBURN, Presiding Judge.

Following a jury trial, William Stulb appeals his conviction of statutory rape, contending (1) that he was denied due process when he was convicted of a lesser included crime not charged in his indictment, and (2) that the trial court erred in amending his sentence after he had begun serving his original sentence. For the reasons that follow, we affirm in part and vacate in part.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Stulb] no longer enjoys a presumption of innocence." *Warren v. State.*[1] So viewed, the evidence shows that in February 2003, Stulb, who was 18 years old, was invited to a party by Bridget Bravo, who was 16, at her parents' house while her parents were out of town. Also at the house was the victim, A. L., who was 14 and staying at the house with Bravo's 13-year-old sister, M. B. As A. L. and M. B. prepared for bed, Stulb was shown into their room by one of the sisters who lived there so that he could sleep on a trundle bed in the room, while A. L. and M. B. shared a larger bed in the room. Before going to sleep, Stulb, who had been drinking alcohol, invited A. L. to come down to his

---

[1] *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004).

trundle bed, which she did. After the two talked, Stulb touched A. L.'s breasts and vagina and attempted to have intercourse with her. During this time, Bravo briefly came into the room, saw Stulb and A. L. in the trundle bed and left. Shortly thereafter, A. L. returned to her bed and, upset, eventually spent the rest of the night in another room with M. B.

Stulb was indicted for child molestation (OCGA § 16-6-4 (a)) and enticing a child for indecent purposes (OCGA § 16-6-5). At trial, following a charge conference, the judge charged the jury on the two counts named in the indictment as well as statutory rape, which the State requested as a lesser included charge of child molestation. The jury found Stulb not guilty of enticing a child, not guilty of child molestation, but guilty of statutory rape, giving rise to this appeal.

1. The indictment under which Stulb was tried accused him of child molestation by fondling A. L.'s vagina and attempting to place his penis in her vagina. He was convicted of statutory rape, as a lesser included charge arising from the child molestation charge. Stulb contends that he was denied due process when he was convicted of statutory rape, in that the statutory rape charge was not made in the indictment and the facts alleged in the indictment did not satisfy the elements of statutory rape. We disagree.

We first address the State's argument that Stulb waived this enumeration by failing to object to the statutory rape jury charge at trial. OCGA § 5-5-24 (c) provides that the "appellate courts shall consider and review erroneous [jury] charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." Because Stulb was acquitted of the charges in the indictment and convicted only of a lesser included charge not listed in the indictment, an erroneous jury charge authorizing Stulb's conviction of the lesser crime would be a substantial error harmful as a matter of law. See *Jones v. State*[2] ("[g]enerally, failure to object to a jury charge in a criminal case constitutes a waiver except, under OCGA § 5-5-24 (c), where there has been a substantial error in the charge which was harmful as a matter of law"). We therefore address the merits of Stulb's enumeration.

It is clear that a trial judge may, in his discretion, charge the jury on a lesser crime of that included in the indictment or accusation. *State v. Stonaker*.[3] "One crime may be a lesser included offense of another as a matter of law or as a matter of fact." *Mead v. State*.[4]

[2] *Jones v. State*, 252 Ga. App. 332, 334 (2) (a) (556 SE2d 238) (2001).
[3] *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).
[4] *Mead v. State*, 246 Ga. App. 800, 801 (542 SE2d 541) (2000).

Statutory rape is not included within child molestation as a matter of law, because the crimes have different elements, e.g., child molestation does not require that sexual intercourse occur. See OCGA § 16-6-4 (a) ("[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person").

However, a crime may be included as a lesser included offense of the crime charged as a matter of fact when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1).

> [Accordingly,] this Court has held that even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, *the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well.* Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations and punctuation omitted.) *Strickland v. State.*[5]

Here, the indictment accused Stulb of "attempting to place his penis in the vagina of" A. L., and at trial Stulb admitted that "my penis was out" and he "attempted to place [his] penis in the vagina of [A. L.]." Moreover, A. L. testified that "it hurt" when Stulb attempted to have intercourse with her. The trial court's charge on statutory rape outlined the relevant elements of statutory rape:

> A person commits the offense of statutory rape when he engages in sexual intercourse with any person under the age of sixteen years who is not his spouse. In order to authorize a conviction for statutory rape, the State must prove beyond a reasonable doubt that there was sexual intercourse which is defined as penetration of the female sex organ by the male sex organ. However, even slight penetration is sufficient to constitute the act of intercourse.

---

[5] *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

See OCGA § 16-6-3; *Lee v. State;*[6] *Emanuel v. State.*[7]

In light of Stulb's admission that he attempted to have intercourse with A. L., and A. L.'s statement that "it hurt," there was sufficient evidence for the jury to conclude that slight penetration occurred. We note that treating a statutory rape charge as a factually lesser included offense in a charge of child molestation is unusual, and more commonly the question is whether child molestation is a lesser included offense in a charge of rape, see, e.g., *Pruitt v. State.*[8] Here, however, the factual allegations in the indictment that the victim of the assault was a female under the age of 16 put Stulb on notice that statutory rape could be considered a factually lesser included offense, depending on the jury's interpretation of the facts of the assault. Therefore, because the facts alleged in the indictment and the evidence presented at trial were sufficient to establish the elements of statutory rape, the trial court did not err in charging the jury on the factually lesser included offense of statutory rape. See *Strickland*, supra.

2. Stulb next contends that the trial court erred in modifying his sentence after having already sentenced him and after he began serving his original sentence. We agree.

On December 19, 2005, after Stulb's conviction, the court held a thorough sentencing hearing which included testimony from Stulb, Stulb's friends, Stulb's college coach, A. L., A. L.'s parents, Bridget Bravo, and Bravo's parents. At the conclusion of the hearing, the trial judge orally announced that Stulb's sentence would be ten years, with one year to be served in a probation detention center, and the remaining nine years to be probated, a $10,000 fine, and 300 hours of community service. The trial court allowed Stulb to wait to report for his confinement until after the Christmas holiday and upon being notified that there was space at the detention center. An order sentencing Stulb to serve one year and probating the remaining nine was prepared but not signed by the trial judge. (That unsigned order was stamped filed by the clerk's office on January 4, 2006.) However, the trial judge prepared and signed an order dated December 19, 2005, that provided "Additional Conditions of Probation — Sex Offenders." That order, which was filed with the clerk the same day, placed certain restrictions on Stulb, including prohibiting contact with minors, prohibiting him from dating persons under the age of 18, prohibiting Stulb from driving alone, and requiring consent to searches of Stulb's person, residence, or vehicle.

[6] *Lee v. State*, 197 Ga. 123 (1) (28 SE2d 465) (1943).

[7] *Emanuel v. State*, 196 Ga. App. 449 (1) (396 SE2d 83) (1990).

[8] *Pruitt v. State*, 258 Ga. 583, 589 (13) (e) (373 SE2d 192) (1988).

On December 20, 2005, Stulb met with a probation officer and signed papers acknowledging the conditions of his probation. Also on December 20, the trial judge prepared and signed a "Notice of Hearing" stating that the case would "come on for a remold of sentence" on January 9, 2006. Two days later, on December 22, the court prepared, signed, and filed a "Revised Notice of Hearing" changing the hearing date to December 29, 2005. On December 23, 2005, Stulb paid the first monthly payment of his fine ($225).

On December 29, nine days after Stulb met with a probation officer and six days after Stulb began paying his fine, the court held a second hearing on Stulb's sentence. The court explained, "Even though they acquitted you of the most serious crimes set out in the indictment, I sincerely believe if they had wanted the punishment of one year in the detention center, they probably would have found you guilty of sexual battery [instead of statutory rape]."[9] Over Stulb's objection, the court resentenced Stulb to serve four years in prison, with the remaining six years on probation. The same day, the court signed and filed with the clerk an order reflecting the revised sentence.

It is well settled that "[u]ntil an order is signed by the judge and is filed it is ineffective for any purpose." (Punctuation omitted.) *Titelman v. Stedman.*[10] See OCGA § 9-11-58 (a). Therefore, the court's unsigned order reflecting the court's oral announcement at the first sentencing hearing (sentencing Stulb to serve one year in a detention center) initially had no effect. "However, the oral declaration of the sentence may not be increased after the defendant has begun to serve it." *Curry v. State.*[11]

Here, as part of his sentence under the court's oral declaration, Stulb was required to meet with the probation office and, upon notification that a bed was available, report to the detention center. It is undisputed that Stulb met with a probation officer and paid part of his fine before the court held the hearing to "remold" the sentence and signed the revised sentencing order.[12] "This court has held that a defendant enters upon service of a probated sentence by meeting with a probation officer after the sentence is imposed. It is clear, therefore, that [Stulb] had entered upon the service of his sentence

---

[9] We note, however, that the trial court correctly charged the jury not to consider potential punishment in their deliberations.

[10] *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003).

[11] *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981).

[12] Because the facts here do not require it, we do not reach the question of whether the court's signed order (containing the conditions of probation) itself constituted the final judgment as to Stulb's sentence, making the court's oral pronouncement (including the one year of confinement) binding.

prior to the trial court's attempts to increase the sentence. The second sentence was, therefore, void." (Citation omitted.) *Edge v. State.*[13]

*Judgment of conviction affirmed, sentence vacated, and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED MAY 24, 2006.

*Richard E. Allen*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.

---

[13] *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990).
[1] *White v. State*, 265 Ga. App. 117 (592 SE2d 905) (2004).