A06A1669. WALTHALL v. THE STATE.
(636 SE2d 126)

BLACKBURN, Presiding Judge.

Following a bench trial, Steven Walthall was convicted on five counts of aggravated child molestation[1] and thirty-five counts of sexual exploitation of children.[2] He appeals his convictions and the denial of his motion for new trial, (1) challenging the sufficiency of the evidence and (2) contending that the trial court erred in (a) denying his motion to suppress evidence seized by means of an allegedly

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-12-100 (b).

unlawful search warrant, (b) improperly admitting unauthenticated photographs and video recordings into evidence, and (c) failing to merge several of his convictions. For the reasons set forth below, we affirm.

1. We first address Walthall's contention that the evidence was insufficient to support his conviction. "On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Walthall] no longer enjoys a presumption of innocence." *Berry v. State*.[3] When evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[4]

So viewed, the record shows that in March 2003, a detective with the Keene, New Hampshire police department was conducting an undercover investigation of child pornography on the internet by accessing online forums and chat rooms while posing as a 13-year-old boy. In one such forum, the detective made contact with Walthall, who identified himself by the screen name "Bryboi2002," and who had posted lewd photos of a young boy in the forum. Over the next several weeks, the detective continued the online correspondence with Walthall, during which time Walthall engaged in sexually explicit conversations and sent the detective approximately 100 lewd photographs of young boys. In addition, Walthall claimed to be engaging in various sex acts with two young boys and e-mailed the detective a photograph of himself having oral sex with one of them. Given the criminal nature of these photographs, the detective subpoenaed Walthall's internet service provider for information on the account that would identify him. The subpoenaed information revealed Walthall's name and the fact that he resided in Warner Robins, Georgia. Consequently, the detective contacted the authorities in Houston County and forwarded his investigative file to the Houston County Sheriff's Department.

Based on the information provided by the New Hampshire detective, an officer with the Houston County Sheriff's Department opened an investigation, which determined that Walthall had recently moved from Warner Robins and now resided at an address in Perry, Georgia. The officer obtained a warrant to search Walthall's Perry residence for evidence of the sexual exploitation of children, which warrant included Walthall's computer, computer files, photographs, and discs among the items to be searched. While executing the warrant, the officer found a printed photograph of a young boy

---

[3] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).
[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

which he recognized as being one of the nonexplicit photographs sent to the New Hampshire detective. The officer questioned Walthall as to the boy's identity and was told that it was A. M., Walthall's 13-year-old nephew. A thorough investigation of Walthall's computer, including the files contained in its hard drive and those copied to discs, revealed numerous photographs and several video recordings of Walthall engaging in oral and anal sex with A. M. and A. M.'s thirteen-year-old friend (C. S.), as well as other sexually explicit images of the two boys.

Following the officer's subsequent interview with both A. M. and C. S., Walthall was arrested and indicted on five counts of aggravated child molestation and thirty-eight counts of sexual exploitation of children. At Walthall's bench trial, A. M. testified that Walthall would babysit him approximately once a week while his mother worked, and that he would also often spend weekends with Walthall. Shortly after A. M. turned 13, Walthall began sexually molesting him. A. M. testified that he and Walthall engaged in numerous acts of oral sex and several acts of anal sex, and that Walthall would occasionally photograph or videotape those acts. At some point, A. M. began to invite C. S. to spend time with him and Walthall, and eventually Walthall began sexually molesting C. S. as well. In addition, Walthall often had A. M. and C. S. engage in masturbation, oral sex, and anal sex with each other while he photographed or videotaped them. A. M.'s testimony was corroborated by C. S., who also testified at trial. Both boys identified themselves in numerous digital photographs and several digital videos taken from Walthall's computer files, which depicted them in lewd poses, as well as engaging in various sexual acts with Walthall and each other.

At the trial's conclusion, Walthall was found guilty on all five counts of aggravated child molestation and thirty-five counts of sexual exploitation of children.[5] After a separate sentencing hearing, he received a sixty-year sentence with fifty years to be served in prison and ten years to be served on probation. Walthall filed a motion for new trial, which was amended twice and, following a hearing, ultimately denied. This appeal followed.

Walthall contends that the evidence was insufficient to support his conviction. We disagree. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the

---

[5] Prior to the trial court's verdict, the State withdrew three of the counts of sexual exploitation of children.

person." OCGA § 16-6-4 (a). "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."[6] OCGA § 16-6-4 (c). With regard to the offense of sexual exploitation of children, OCGA § 16-12-100 (b) (5) provides that "[i]t is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."[7]

In this case, Count 1 of the indictment charged Walthall with aggravated child molestation for engaging in anal sex with A. M.; and Counts 40 through 43 of the indictment charged Walthall with aggravated child molestation for performing separate acts of oral sex on A. M. and on C. S. In addition, Counts 2-7, 9-21, and 23-39 charged Walthall with separate acts of sexual exploitation of children by knowingly creating or distributing visual mediums depicting A. M. and C. S. engaged in sexually explicit conduct. Both A. M. and C. S. specifically testified that they engaged in numerous acts of oral and anal sex with Walthall, and the boys identified themselves in numerous photographs and several videos taken from Walthall's computer files, which depicted them engaging in sexually explicit conduct. Given this testimony, coupled with the sexually explicit photographs and video recordings introduced into evidence, a rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt. See *Chaparro v. State*;[8] *Gatewood v. State*.[9] Accordingly, Walthall's challenge to the sufficiency of the evidence is without merit.

2. (a) Walthall contends that the trial court erred in denying his motion to suppress evidence taken from his computer, arguing primarily that the affidavit submitted by the Houston County officer in order to secure the search warrant failed to establish probable cause. We disagree.

In reviewing a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the court's findings and judgment. *Smith v. State*.[10] Where, as here, "the evidence is

---

[6] "Sodomy" is defined as a "sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a) (1).

[7] OCGA § 16-12-100 (a) (4) defines "sexually explicit conduct" as including "actual or simulated: (A) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; . . . [or] (D) Lewd exhibition of the genitals or pubic area of any person."

[8] *Chaparro v. State*, 279 Ga. App. 145, 146 (1) (630 SE2d 645) (2006).

[9] *Gatewood v. State*, 253 Ga. App. 330, 331 (1) (b) (559 SE2d 81) (2002).

[10] *Smith v. State*, 274 Ga. App. 106 (616 SE2d 868) (2005).

uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State.*[11] See *Taylor v. State.*[12] In determining whether probable cause exists for the issuance of a search warrant, the magistrate's task is

> simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Punctuation omitted.) *De Young v. State.*[13] "This Court's review of the magistrate's decision is limited to determining if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. Substantial deference is afforded to a magistrate's decision to issue a search warrant based on a finding of probable cause." (Citations and punctuation omitted.) *Smith*, supra, 274 Ga. App. at 107 (1).

The affidavit in this case alleged that there was probable cause to suspect that a search of Walthall's residence and a seizure of property such as photographs, correspondence, and computer files would uncover evidence that Walthall had engaged in the sexual exploitation of children. In support of these allegations, the Houston County sheriff's officer submitting the affidavit summarized his experience in investigating crimes of sexual exploitation of children, and further described how the use of personal computers and the internet had become a common means by which offenders created, collected, and distributed sexually explicit images of children. The affidavit explained how the investigation began after the officer was contacted by a detective with the Keene, New Hampshire Police Department. Importantly, it summarized the New Hampshire detective's undercover internet investigation, including the fact that the detective had been electronically corresponding with "Bryboi2002," later identified as Walthall, and that in the course of such correspondence, Walthall had sent him sexually explicit images of young boys. Finally, the affidavit also explained that the Warner Robins address included in Walthall's internet service provider account information, which was subpoenaed by the Keene detective, was not up to date, and that Walthall currently resided at an address in Perry, Georgia.

---

[11] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[12] *Taylor v. State*, 249 Ga. App. 538 (1) (548 SE2d 662) (2001).

[13] *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997).

Walthall contends that the warrant was not supported by probable cause because the magistrate had only the Houston County officer's affidavit upon which to rely and thus could not evaluate the veracity or the basis of the New Hampshire detective's knowledge. This contention is without merit. "[O]bservations by fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number." (Punctuation omitted.) *Crews v. State.*[14] See also *Johnson v. State*[15] ("[a]n officer may rely on information communicated by fellow officers for probable cause"). Here, the Houston County officer's affidavit outlined the information provided by the New Hampshire detective's investigation, including the fact that Walthall had electronically sent the detective sexually explicit photographs of young boys. The officer's affidavit also included information regarding the New Hampshire detective's extensive background and vast experience in the investigation of child sexual exploitation cases. Thus, the magistrate was able to evaluate both the veracity and the basis of the New Hampshire detective's knowledge. See *Crews*, supra, 269 Ga. App. at 815 (1).

Furthermore, Walthall's argument that the warrant was not supported by probable cause because the address initially provided by the New Hampshire detective was different from Walthall's actual address as identified by the Houston County officer is also without merit. Contrary to Walthall's assertion, the New Hampshire detective's investigation provided probable cause to search Walthall's residence wherever that currently existed. Indeed, "[t]he totality of the circumstances described in the affidavit provided the magistrate with a substantial basis for concluding that a fair probability existed that evidence of a crime would be found at [Walthall's] residence." *Smith*, supra, 274 Ga. App. at 109 (1). See also *Walsh v. State.*[16]

Walthall also argues that the warrant was invalid on the grounds that it insufficiently described the items to be seized. We disagree. "When circumstances make an exact description of instrumentalities[ ] a virtual impossibility, the searching officer can only be expected to describe the generic class of items he is seeking." (Punctuation omitted.) *Smith*, supra, 274 Ga. App. at 110 (3). Here, the warrant sought sexually explicit photographs and other sexually explicit visual depictions of children, as well as the computer hardware and software used to create, store, and distribute those depictions. Importantly, the affidavit supporting the warrant contained information based on the New Hampshire detective's contact and

---

[14] *Crews v. State*, 269 Ga. App. 814, 815 (1) (605 SE2d 381) (2004).
[15] *Johnson v. State*, 265 Ga. App. 777, 781 (2) (595 SE2d 625) (2004).
[16] *Walsh v. State*, 236 Ga. App. 558, 559 (1) (a) (512 SE2d 408) (1999).

electronic correspondence with Walthall indicating the likelihood that Walthall's computer files would contain evidence of child sexual exploitation. This Court has previously affirmed a magistrate's authorization to seize a computer, even where the affidavit, unlike here, did not explicitly aver that the computer was used to commit the crime being investigated. *State v. Henley*.[17] See also *Walsh*, supra, 236 Ga. App. at 559 (1) (a).

Finally, Walthall also contends that the information supporting the warrant was stale based on the fact that the New Hampshire detective informed the Houston County officer of his investigation in April 2003, but the search warrant was not issued until the end of June 2003. We disagree. "Although time is certainly an element of probable cause that must be considered by the magistrate before issuing a warrant, the precise date information is obtained is not always essential." *Crow v. State*.[18] "Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant." (Punctuation omitted.) *Hale v. State*.[19] Here, given the testimony in the affidavit that those who sexually exploit children often keep sexually explicit photographs and other images in their possession and often store those images in computer files, at the time the warrant was issued, it was reasonable for the magistrate to believe that Walthall would still be in possession of such sexually explicit images. See *Buckley v. State*.[20]

Thus, under the totality of the circumstances presented here, the magistrate was authorized to make a pragmatic, commonsense judgment that there was a fair probability that a search of Walthall's residence and seizure of his computer would produce evidence of the sexual exploitation of children. See *Smith*, supra, 274 Ga. App. at 109 (1); *Buckley*, supra, 254 Ga. App. at 63; *Walsh*, supra, 236 Ga. App. at 559 (1) (a). Accordingly, the trial court did not err in denying Walthall's motion to suppress.

(b) Walthall contends that the trial court erred in admitting numerous sexually explicit photographs and several video recordings into evidence, arguing that such evidence was not properly authenticated. We disagree. "The admission of evidence lies within the sound discretion of the trial judge and will not be disturbed absent an

---

[17] *State v. Henley*, 279 Ga. App. 326, 328 (630 SE2d 911) (2006).
[18] *Crow v. State*, 267 Ga. App. 188, 189 (1) (598 SE2d 824) (2004).
[19] *Hale v. State*, 220 Ga. App. 667, 669 (2) (c) (469 SE2d 871) (1996).
[20] *Buckley v. State*, 254 Ga. App. 61, 62-63 (561 SE2d 188) (2002).

abuse of discretion." (Punctuation omitted.) *Craft v. State.*[21] In addition, a photograph or videotape is authenticated by showing it is a fair representation of the object, scene, or person depicted. *Davis v. State.*[22]

Here, the State properly authenticated each of the sexually explicit photographs of the victims that was admitted into evidence by showing the photographs to either A. M. or C. S. during their testimony and having them identify themselves as being fairly depicted therein. In addition, both A. M. and C. S. also testified that they viewed the digital video recordings prior to the admission of that evidence and were able to recognize themselves as being fairly depicted in those recordings as well. Accordingly, the trial court did not abuse its discretion in admitting the sexually explicit photographic and video evidence. See *Davis*, supra, 253 Ga. App. at 806 (6).

(c) Walthall contends that the trial court erred in failing to merge several of his convictions during the sentencing phase of his trial. We disagree. "Offenses may merge either as a matter of law or as a matter of fact." *McMillian v. State.*[23] When two offenses are separate legal offenses, they do not merge as a matter of law. *James v. State.*[24] As for factual merger, "[t]he key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." (Punctuation omitted.) *Reeves v. State.*[25]

Here, the offenses of aggravated child molestation and sexual exploitation of children are separate legal offenses and thus do not merge as a matter of law. See *James*, supra, 268 Ga. App. at 854 (2). Moreover, as discussed in Division 1, the indictment against Walthall charged five separate acts of aggravated child molestation, each of which was based on different facts. In addition, the thirty-five counts of sexual exploitation of children for which Walthall was convicted were based on the distinct actions of Walthall creating thirty-two separate sexually explicit photographic or video images and distributing three other sexually explicit images over the internet. Walthall's creation of sexually explicit images of several of the sex acts which constituted the basis for the aggravated child molestation charges were separate actions warranting a separate charge and conviction, as the offenses of aggravated child molestation were

[21] *Craft v. State*, 252 Ga. App. 834, 843 (2) (558 SE2d 18) (2001).

[22] *Davis v. State*, 253 Ga. App. 803, 806 (6) (560 SE2d 711) (2002).

[23] *McMillian v. State*, 263 Ga. App. 782, 786 (4) (589 SE2d 335) (2003).

[24] *James v. State*, 268 Ga. App. 851, 854 (2) (602 SE2d 854) (2004).

[25] *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998).

completed separately and independently of Walthall photographing or videotaping the acts. Thus, the convictions did not merge as a matter of fact either. See id. Accordingly, the trial court did not err in failing to merge Walthall's convictions.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 1, 2006.

*Jeffrey L. Grube*, for appellant.

*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.