A06A2123. PHILLIPS v. THE STATE.
(641 SE2d 294)

ADAMS, Judge.

Hubert Douglas Phillips appeals from the trial court's denial of his motion to suppress evidence seized from his home pursuant to a search warrant.

Our review in this case "is limited to determining if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. Substantial deference is afforded to a magistrate's decision to issue a search warrant based on a finding

of probable cause." (Citations and punctuation omitted.) *Smith v. State*, 274 Ga. App. 106, 107 (1) (616 SE2d 868) (2005). And in reviewing the trial court's decision on a motion to suppress, this Court generally construes the evidence most favorably to uphold the trial court's findings and judgment. *Walthall v. State*, 281 Ga. App. 434, 437-438 (2) (a) (636 SE2d 126) (2006). But our review of the trial court's decision is de novo "[w]here, as here, the evidence is uncontroverted and no question regarding the credibility of witnesses is presented." (Citation and punctuation omitted.) Id. "Moreover, when reviewing an affidavit for a search warrant, we look at the totality of the circumstances to determine if there was probable cause to issue the search warrant." *Blevins v. State*, 270 Ga. App. 388, 393 (4) (606 SE2d 624) (2004).

Cynthia O'Barr, an investigator with the Franklin County Sheriff's Office, submitted the affidavit in support of the search warrant in this case. Her affidavit indicated that evidence of sexual exploitation of children, aggravated child molestation and aggravated sexual battery would be found at Phillips' residence and that such evidence included, inter alia, movies, photographs, magazines, books and videotapes depicting sexual activity, nudity or drug activity with minors that would tend to identify the victim. In support of this assertion, O'Barr outlined her training and experience as an investigator and averred that a woman informed the sheriff's office that her daughter had been having a sexual relationship with Phillips for approximately two to three months. The mother described the nature of this sexual relationship and indicated that the sexual activity had occurred at Phillips' residence. The daughter told the mother that Phillips had taken pictures of her and had them on his computer, although it was not known if the pictures were of a sexual nature. The mother also stated that Phillips would have letters that he and the daughter had written back and forth to each other, but that they may have been discarded after a protective order was issued against him.

Phillips asserts that the affidavit did not establish probable cause of any criminal activity on his part or that such activity occurred at his residence because it did not assert that the alleged victim was under the age of consent and did not state his age. Thus, he contends that, at most, the affidavit avers only that sexual activity occurred between two individuals.

But in considering this affidavit, the magistrate's task was

> simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of

persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Footnote omitted.) *Davis v. State*, 281 Ga. App. 855, 861 (5) (637 SE2d 431) (2006). Although the affidavit did not allege specific ages, the warrant was clearly designed to seek information of sexual activity involving minor children to support the officer's investigation of crimes involving minors, and the warrant was predicated upon information provided by a mother reporting sexual activity between Phillips and her daughter. While the better practice certainly would have been for O'Barr to provide the daughter's age, we conclude that given the totality of the circumstances, the magistrate was presented with a substantial basis for making a practical, common-sense decision that evidence of the crimes alleged would be found at Phillips' residence. See generally *Daniels v. State*, 278 Ga. App. 332, 334 (1) (629 SE2d 36) (2006); *Walthall v. State*, 281 Ga. App. at 437-438 (2) (a).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JANUARY 26, 2007 —

*Healy & Svoren, Timothy P. Healy, Nina M. Svoren*, for appellant. *Robert W. Lavender, District Attorney*, for appellee.