## A07A0032. EDMONDSON v. THE STATE.
(647 SE2d 92)

MILLER, Judge.

Johnny Sherwood Edmondson pled guilty to second degree vehicular homicide, operating a vehicle without adequately securing its load, and 12 counts of driving a vehicle with defective equipment. On appeal, he contends that the trial court erred (1) in denying his motion to reduce sentence upon refusing to merge the defective equipment convictions on sentencing and (2) in increasing his sentence to probation on one such conviction after he had begun serving his sentence thereon by meeting with his probation officer. Discerning no error, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and [Edmondson] no longer enjoys a presumption of innocence." *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004). So viewed, the evidence shows Edmondson, a truck driver, applied the brakes on the tractor-trailer he drove to avoid a dog that entered his lane of traffic. In doing so, he lost the improperly secured 45,000-pound load he carried on his flatbed trailer and the load struck another vehicle. The driver of that vehicle suffered a broken neck and skull fractures, and he died of a heart attack six days later without ever regaining consciousness.

1. Edmondson contends that the trial court erred by failing to merge his defective equipment convictions, arguing that OCGA § 40-8-7[1] prohibits only driving an unsafe vehicle on Georgia roadways and does not allow for conviction and sentencing upon multiple violations of the Code section. We disagree.

---

[1] OCGA § 40-8-7 provides:
(a) No person shall drive or move on any highway any motor vehicle, trailer, semitrailer, or pole trailer, or any combination thereof, unless the equipment upon any and every such vehicle is in good working order and adjustment as required in this chapter and the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway.
(b) *It is a misdemeanor for any person to drive or move*, or for the owner to cause or knowingly permit to be driven or moved, on any street or highway any vehicle or combination of vehicles:
(1) Which is in such unsafe condition as to endanger any person;

Initially, we find that Edmondson mischaracterizes the reach of OCGA § 40-8-7, since on its face, such Code section plainly punishes both driving a vehicle in an unsafe condition endangering another and driving a vehicle having defective equipment. See OCGA § 40-8-7 (b) (1) and (2). Neither does the Code section condition multiple violations thereof upon "different arrests or separate and isolated incidents." *Dozier v. Jackson*, 282 Ga. App. 264, 268 (638 SE2d 337) (2006). As to Edmondson's claim of merger we note that

> [o]ffenses may merge either as a matter of law or as a matter of fact. When two offenses are separate legal offenses, they do not merge as a matter of law. As for factual merger, the key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. . . . [I]f the same facts are used to prove the different offenses, the different crimes merge.

(Citations and punctuation omitted.) *Walthall v. State*, 281 Ga. App. 434, 441 (2) (c) (636 SE2d 126) (2006); *Garrett v. State*, 147 Ga. App. 666, 667 (2) (250 SE2d 1) (1978).

On sentencing, the trial court sentenced Edmondson to 12 months confinement as to the first of his defective equipment convictions (Count 3) and to consecutive, probated sentences of 12 months confinement on each of the remaining defective equipment counts (Counts 4-14).

The record shows that Counts 3-14 charged Edmondson with different equipment defects.[2] Given that each of these was proven on different facts, no error resulted upon the failure to merge such offenses. *Walthall*, supra, 281 Ga. App. at 441 (2) (c).

2. Further, Edmondson claims that the trial court erred in increasing the sentence announced at trial as to Count 4 from twelve months probation (the first six months in a work-release program and the remainder probated), to twelve months confinement. Further,

---

    *(2) Which does not contain those parts or is not at all times equipped with such lights and other equipment in proper condition and adjustment as required in this chapter*; or
    (3) Which is equipped in any manner in violation of this chapter.
(Emphasis supplied.)
    [2] Counts 3-14 alleged different equipment defects as follows: inoperable tail lights on motor vehicle (Count 3); inoperable ID lights on tractor (Count 4); inoperable clearance lights on tractor (Count 5); loose catwalk on tractor (Count 6); outside tire tread less than 2/32 of an inch on tractor (Count 7); one of the brakes out of adjustment (Count 8); inoperable tail lights on trailer (Count 9); inoperative side marker lights on trailer (Count 10); brake hoses chafing, front axle on trailer (Count 11); brake hose kinked, axle 3 on trailer (Count 12); air leak, brake chamber connection, axle 3 on trailer (Count 13); and torn and partially missing mud flap on trailer (Count 14).

Edmondson argues that the trial court was not authorized to modify the probated sentence upward in that he had already begun serving such sentence by meeting with his probation officer. See *Stulb v. State*, 279 Ga. App. 547, 551 (2) (631 SE2d 765) (2006) (service of probated sentence entered upon meeting with probation officer). Again, we disagree.

"[I]t is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." (Citations, punctuation and emphasis omitted.) *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003).

Here, the record shows that the oral declaration of sentence complained of occurred on May 6, 2006. The sentence as modified to twelve months confinement was signed by the trial judge on May 15, 2006, nunc pro tunc to May 6, 2006, and filed on May 18, 2006. "Under these facts, the oral declaration as to what the sentence would be was within the breast of the court and could be increased at any time before it was formally entered by the judge or before service of the sentence was commenced. [Cits.]" *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981).

While Edmondson correctly avers that a sentence cannot be increased after a defendant enters upon serving it (see *Curry*, supra, 248 Ga. at 185 (4)), there is *no* evidence that he had commenced serving the sentence of probation announced at trial by meeting with his probation officer. Consequently, the sentence of probation of which Edmondson complains was not increased when formally entered as a sentence to 12 months confinement.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 25, 2007.

*Daniel R. Partain*, for appellant.

*W. Kendall Wynne, Jr.*, District Attorney, *Layla V. Hinton*, Assistant District Attorney, for appellee.