# Court of Appeals
# of the State of Georgia

ATLANTA,  December 04, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0793.  KENNETH HAROLD JACKSON v. THE STATE.**

Kenneth Harold Jackson, who is charged with trafficking in methamphetamine, filed a motion to suppress evidence obtained during a traffic stop. At the conclusion of an evidentiary hearing on the motion, the trial court orally denied the motion. Defense counsel asked for a certificate of immediate review, which the court orally stated that it would grant. The trial court subsequently entered a written order certifying the case for immediate review. Thereafter, Jackson filed a notice of appeal indicating his wish to appeal from the denial of his motion to suppress.  We lack jurisdiction for two reasons.

First, the record contains no written order denying the motion to suppress.[1] "It is elementary that an oral order is not . . . appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." *Edmondson v. State*, 285 Ga. App. 543, 545 (2) (647 SE2d 92) (2007) (punctuation omitted).

Second, the trial court's certificate of immediate review did not permit Jackson to file a direct appeal. Rather, it authorized him to file an application for interlocutory review pursuant to OCGA § 5-6-34 (b). A direct appeal would have been permissible only if Jackson had filed an application for interlocutory review within ten days of entry of the certificate of immediate review and this Court had granted the application. See *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019) (orders

---

[1]Both Jackson's notice of appeal and the trial court's certificate of immediate review refer to an order of October 10, 2019 denying the motion to suppress. However, no such order, or any other order entered on that date, appears in the record.

not directly appealable under OCGA § 5-6-34 (a) may be appealed immediately "only with permission from both the trial court *and* the appellate court") (emphasis supplied).

Because the record contains no written order denying Jackson's motion to suppress, and because Jackson failed to follow the interlocutory appeal procedure of OCGA § 5-6-34 (b), we lack jurisdiction to consider this appeal. The appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 12/04/2019*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



           *, Clerk.*