**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 11 2013, 8:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Griner & Company
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JON J. REID, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1207-PC-362 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0605-FA-46

**April 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Jon J. Reid ("Reid") was convicted of Possession of Cocaine with Intent to Deliver, as a Class A felony[1], and Possession of a Schedule I Controlled Substance, as a Class D felony[2], and his conviction was affirmed on direct appeal. Reid subsequently filed a petition for post-conviction relief, which the post-conviction court denied. He now appeals.

We affirm.

**Issues**

Reid presents numerous issues for our review, which we restate as:

    I.    Whether the post-conviction court erroneously concluded that Reid did not receive ineffective assistance of trial counsel;

    II.    Whether the post-conviction court erroneously concluded that Reid did not receive ineffective assistance of appellate counsel; and

    III.    Whether the post-conviction court erroneously denied Reid post-conviction relief on the basis of newly-discovered evidence and prosecutorial misconduct.

**Facts and Procedural History**

We draw our discussion of the facts of the case from our memorandum opinion affirming Reid's conviction on direct appeal:

> On May 25, 2006, at approximately 10:00 p.m., several members of the Elkhart County Interdiction and Covert Enforcement (ICE) Unit executed a search warrant at 317 Concord Avenue in Elkhart. The search warrant was based upon two controlled drug buys that occurred at that residence on May 22 and May 24. The Elkhart Special Response Team first employed a distraction device in the backyard, which was a "really loud" bang. Tr. p. 59, 76, 146-47. The officers entered the house and took the homeowners, Martin and Shellise

---

[1] Ind. Code § 35-48-4-1.

[2] I.C. § 35-48-4-7(a).

2

Jiminez, into custody. Officers then tried to enter the detached garage, which was locked. However, after obtaining a key and unlocking the garage door, Lieutenant Edward Windbigler entered and found Reid—Shellise Jiminez's son—sleeping on a couch.

The cluttered garage contained the couch, a television, a Playstation video game system, a small refrigerator, clothing, and shoes, which were all located in a contained area. A search of the garage revealed a plate and a razor blade with .309 grams of cocaine sitting in plain view on a shelf, a baggie containing .024 grams of cocaine, a digital scale containing white residue, over twelve grams of cocaine in a Reebok tennis shoe that was sitting at the top of a plastic container near the television, .943 grams of powder cocaine and one Ecstasy pill in plastic baggies in the container. One of Reid's pay stubs was also found in the garage, and the officers recovered nearly 200 grams of marijuana in an upstairs bedroom of the house.

Reid v. State, Cause Number 20A05-0711-CR-640, slip op. at 1-2 (Ind. Ct. App. Apr. 24, 2008), trans. denied. In addition to Martin and Shellise Jiminez and Reid, Terrance Taylor ("Taylor"), a long-time friend of Reid, resided in the house. Id. at 6.

A jury trial was conducted from September 25 to 27, 2006. At its conclusion, Reid was found guilty of Possession of Cocaine with Intent to Deliver, and Possession of a Schedule I Controlled Substance. The trial court sentenced Reid to an aggregate term of imprisonment of thirty-five years, with two years suspended to probation.

Reid appealed his conviction, and challenged (1) the trial court's denial of his motion for a continuance due to his mother's illness; and (2) the sufficiency of the evidence underlying his convictions. This Court affirmed Reid's convictions.

On October 10, 2010, Reid filed a petition for post-conviction relief. Reid raised numerous complaints in the petition, among them that he was entitled to post-conviction relief because he received ineffective assistance of trial and appellate counsel, and because

there was newly-discovered evidence in the form of testimony from Taylor and another individual that Reid did not own the drugs found in the garage, which evidence was not available at trial because a deputy prosecutor had threatened these witnesses with additional jail time.

On March 8, 2012, an evidentiary hearing was conducted, during which Reid's trial and appellate counsel, Taylor, and another individual, Justin Davis ("Davis"), provided testimony.[3] During the hearing, the post-conviction court held that portions of Taylor's testimony and all of Davis's testimony, which claimed that a deputy prosecutor made threatening statements to them concerning their testimony at Reid's trial, were inadmissible hearsay. After the hearing's conclusion, the parties submitted briefing to the post-conviction court. On June 12, 2012, the post-conviction court changed its ruling on the admissibility of Taylor's testimony, but nevertheless concluded that Reid had not received ineffective assistance of counsel and that Taylor's testimony did not amount to newly-discovered evidence, and entered findings and conclusions denying Reid's petition.

This appeal ensued.

**Discussion and Decision**

Standard of Review

Reid appeals from post-conviction court's denial of his petition for relief. The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State,

---

[3] Portions of this testimony were offers of proof.

810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 674. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Id.

### Ineffective Assistance of Trial Counsel

We first address Reid's contention that he received ineffective assistance of trial counsel, in violation of his Sixth Amendment right to counsel under the United States Constitution. We review such claims under the standard set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). "First, a defendant must show that counsel's performance was deficient." Id. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." Id.

"Second, a defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

5

defendant of a fair trial," that is, a trial where the result is reliable. Id. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id.

Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000). Where it is possible to resolve a case on the question of prejudice, we should do so in order to avoid "the often nettlesome question of whether the attorney's performance was objectively unreasonable." State v. Van Cleave, 674 N.E.2d 1293, 1296 n.3 (Ind. 1996) (citing Strickland, 466 U.S. at 697). Further, we afford counsel "'considerable discretion in choosing strategy and tactics, and we will accord those decisions deference.'" Curtis v. State, 905 N.E.2d 410, 414 (Ind. Ct. App. 2009) (quoting Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001)), trans. denied. We presume counsel "'made all significant decisions in the exercise of reasonable professional judgment,'" id. (quoting Timberlake, 753 N.E.2d at 603), and counsel's choice of strategies "will not be second-guessed even if the strategy in hindsight did not serve the post-conviction petitioner's best interests." Id. (citing State v. Moore, 678 N.E.2d 1258, 1261 (Ind. 1997)).

We shall address in turn each of Reid's contentions concerning the performance of his trial counsel.

6

*Suppression of Evidence*

Reid first contends that his trial counsel was ineffective because he "failed to move to suppress the drug evidence obtained by police after executing a search warrant at the residence of 317 Concord." (Appellant's Br. at 10.) Specifically, Reid contends that, had trial counsel moved to suppress the evidence, suppression would have been granted because "[t]he search warrant was completely lacking in probable cause and any nexus to the location to be searched and was therefore invalid." (Appellant's Br. at 10.) Reid further contends that because the drug-related evidence found in his case was located in a detached garage at 317 Concord, in which Reid was residing at the time, police were required to obtain a separate warrant for that structure and that failure to do so rendered the search and seizure unconstitutional. Trial counsel's failure to seek suppression of the drug-related evidence obtained from the garage also, Reid argues, amounted to ineffective assistance of counsel. The State responds by arguing that Reid lacked standing to challenge the search warrant but that the warrant was nevertheless supported by probable cause, and that Reid's contention that he was a resident in the detached garage is without merit.

The Fourth Amendment to the United States Constitution, made applicable to the States under the Fourteenth Amendment, provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause…." U.S. Const. amend. IV. Probable cause exists when police have "'knowledge of facts and circumstances that would lead a reasonably prudent person to believe that a crime has been committed.'"

7

Davis v. State, 907 N.E.2d 1043, 1049 (Ind. Ct. App. 2009) (quoting Moore v. State, 827 N.E.2d 631, 637 (Ind. Ct. App. 2005), trans. denied). Warrants are reviewed on appeal for "whether a 'substantial basis' existed … authorizing the search or seizure," and "[d]oubtful cases are resolved in favor of upholding the warrant." Id. (quoting Redden v. State, 850 N.E.2d 451, 461 (Ind. Ct. App. 2006), trans. denied). This review is performed taking into account the totality of circumstances presented from the evidence. Id.

Based upon our review of the trial record and the affidavit in support of the search, we cannot conclude that Reid was prejudiced by his counsel's decision not to seek suppression of the evidence obtained by police during the search of his mother's home and the detached garage at 317 Concord. The search warrant affidavit related that several individuals working as confidential informants for the Elkhart Police Department engaged in controlled purchases of narcotics with Davis. During each transaction, Davis traveled with the confidential informants to 317 Concord, walked to the detached garage, and returned from the garage with drugs for the transaction. Davis told one of the informants that "the people at 317 Concord never run out of crack cocaine." (Appellant's App. at 97.)

In addition, undercover officers had personally engaged in controlled buys with Davis and traveled with him from his residence to 317 Concord. During one of these transactions, an undercover officer had seen Davis confer with an individual driving a vehicle that officers later determined was registered to Reid at that address. A search of the confidential informants' cell phones revealed an entry for an individual named "Mel," whom one of the confidential informants identified as Reid and explained that "Mel sold marijuana, powder,

8

rock and probably anything else that the [undercover officers] wanted." (Appellant's App. at 99.)

Taken together, we conclude that this was sufficient information upon which the trial court could properly issue a warrant. We therefore cannot conclude that Reid was prejudiced by trial counsel's decision not to pursue suppression of evidence obtained as a result of the warrant on the ground that police lacked probable cause for a search of 317 Concord.

We also cannot conclude that the post-conviction court erred in rejecting any of the other bases upon which Reid seeks post-conviction relief for ineffective assistance of trial counsel. Among Reid's contentions is that he was a resident in the detached garage and that, as one unit of a multi-unit dwelling, police were required to obtain a separate warrant for the garage. While "probable cause must exist as to each separate unit of a multi-unit dwelling— typically an apartment building … the same considerations do not apply when police obtain a warrant for a single residence that may have a yard and perhaps also outbuildings such as sheds, or in this case tents." Sowers v. State, 724 N.E.2d 588, 590 (Ind. 2000). Because the detached garage in which Reid and the drugs were found was within the curtilage of the residence at 317 Concord, as was the tent in Sowers, the single warrant was sufficient to encompass a search of the garage. We cannot, therefore, conclude that Reid's trial counsel was ineffective in failing to challenge the warrant on this basis.

*Prejudicial Evidence*

Reid further contends that trial counsel was ineffective by opening the door to the admission of prejudicial evidence against him during examination of witnesses at trial.

9

Specifically, Reid argues that his trial counsel asked witnesses during cross-examination whether they had ever seen him with cocaine, and one of the witnesses in rebuttal testified that he had smoked marijuana with Reid. Reid contends that this line of questioning amounted to ineffective assistance of trial counsel.

We disagree.

Evidence that is relevant is generally admissible at trial except as provided by our rules of evidence. Ind. Evidence Rules 401 & 402. Where the prejudice posed by admission of the evidence substantially outweighs its probative value, evidence may be subject to exclusion by the trial court. Evid. R. 403. Evidence of prior bad acts may also be excluded where they serve only to permit a fact-finder to reach the "forbidden inference" that a defendant has a propensity to commit the kinds of crimes charged in the present case. Hicks v. State, 690 N.E.2d 215, 219 (Ind. 1997) (citing Evid. R. 404(b)). Even where evidence is admitted erroneously, however, "'a timely and accurate admonition is presumed to cure any error in the admission of evidence.'" Banks v. State, 761 N.E.2d 403, 405 (Ind. 2002) (quoting Heavrin v. State, 675 N.E.2d 1075, 1084 (Ind. 1996)). If a defendant is unsatisfied with the trial court's admonition, he must move for mistrial to preserve the matter for appeal. Nunley v. State, 916 N.E.2d 712, 721-22 (Ind. Ct. App. 2009), trans. denied.

During Reid's cross-examination of Taylor at trial, Taylor testified that he had never seen Reid with cocaine. The State later sought to introduce into testimony evidence from Davis that Reid was Taylor's source of cocaine; the trial court excluded that testimony from evidence. The court permitted Davis to testify that he, Taylor, and Reid had smoked

10

marijuana together, but in doing so admonished the jury that Davis's testimony in this regard was for the sole purpose of impeaching Taylor's testimony.

There is no evidence in the record that Reid moved for a mistrial, nor does Reid contend that his trial counsel was ineffective for failing to do so. Nor has Reid presented evidence or argument establishing how, in light of an admonition the adequacy of which he does not question, he was prejudiced by his trial counsel's decision to examine Taylor concerning whether he had ever seen Reid with cocaine. We therefore cannot conclude that Reid received ineffective assistance of counsel in this regard.

*Other Issues*

Finally, Reid points to numerous other matters that he claims amount to ineffective assistance of trial counsel. Several of these—failure to object to testimony concerning reasons for use of the SWAT team to execute the search warrant and to certain testimony from Taylor, and failure to object to a jury instruction—are waived because Reid does not articulate in what manner he claims he was prejudiced by those matters, and because he does not cite to authority in support of those claims. See Ind. Appellate Rule 46(A)(8)(a); Smith v. State, 822 N.E.2d 193, 203 (Ind. Ct. App. 2005), trans. denied.

Reid's remaining claim as to ineffective assistance of trial counsel asserts that he was prejudiced when trial counsel did not object to the foundation upon which the State called a witness, Wade Branson ("Branson"), as a skilled expert. Reid contends that allowing Branson to be characterized as an expert in front of the jury interfered with the jury's function in weighing Branson's testimony concerning whether the quantity of drugs found in

11

the garage was evidence of drug dealing.

We disagree. Assuming, without deciding, that counsel should have objected to the characterization of Branson as an expert and that any objection would have been sustained, the testimony at trial included statements from two undercover police officers who engaged in drug transactions at 317 Concord. During those transactions, Davis approached the garage in which Reid was staying, and Davis returned carrying drugs to the car in which he and the undercover officers had arrived. We cannot say that, absent Branson's testimony, there is a reasonable probability that Reid's trial would have ended with a different result. We therefore find no error in the post-conviction court's denial of Reid's petition for relief on the basis of ineffective assistance of trial counsel.

### Ineffective Assistance of Appellate Counsel

We now turn to Reid's contention that he did not receive effective assistance of appellate counsel because counsel did not address an issue on appeal that Reid claims would have rendered a different result. Our supreme court has set forth the standard for such claims:

> The Sixth Amendment entitles a criminal defendant to effective assistance of counsel not only during trial, but also during his or her first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). We have applied the Strickland two-pronged standard for evaluating claims of ineffective assistance of appellate counsel. Bieghler v. State, 690 N.E.2d 188, 192-93 (Ind. 1997). When a petitioner claims the denial of effective assistance of appellate counsel because counsel did not raise issues the petitioner argues should have been raised, reviewing courts "should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable." Id. at 194 (citing Smith v. Murray, 477 U.S. 527, 535-36, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). But this does not end our analysis. Even if we determine that counsel's choice of

12

issues was not reasonable, "a petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different in order to prevail." Stevens v. State, 770 N.E.2d 739, 760 (Ind. 2002), reh'g denied.

Taylor v. State, 840 N.E.2d 324, 337-38 (Ind. 2006).

Here, Reid claims that he received ineffective assistance of appellate counsel because counsel did not raise as an issue on appeal, on the basis of fundamental error, whether there was probable cause sufficient to support issuance of the search warrant. Because we have already concluded that a motion to suppress evidence obtained from the execution of the search warrant likely would not have succeeded, we cannot conclude that the post-conviction court erred when it denied Reid's claim for relief on the basis of ineffective assistance of appellate counsel.

### Newly-Discovered Evidence and Prosecutorial Misconduct

We turn now to Reid's final contentions on appeal, namely, that the post-conviction court erred because it did not conclude that testimony from Taylor concerning the ownership of the drugs found in the garage amounted to newly-discovered evidence that would entitle Reid to a new trial. Underlying this claim is Reid's contention that this evidence was suppressed as a result of prosecutorial misconduct.

When considering whether newly-discovered evidence mandates a new trial, the following standard applies:

New evidence mandates a new trial only when a defendant demonstrates that: (1) the evidence has been discovered since trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) it is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it

13

will probably produce a different result at trial. Taylor v. State, 840 N.E.2d 324, 329–30 (Ind. 2006). We "analyze[ ] these nine factors with care, as the basis for newly discovered evidence should be received with great caution and the alleged new evidence carefully scrutinized." Id. at 330 (quotation omitted). The burden of showing that all nine requirements are met rests with the petitioner for post-conviction relief. Id.

Whedon v. State, 900 N.E.2d 498, 504 (Ind. Ct. App. 2009) (emphasis in original), aff'd, 905 N.E.2d 408 (Ind. 2009).

Here, Reid contends that there was newly-discovered evidence in the form of Taylor's intent to testify at trial that the cocaine found in the detached garage belonged to him and not to Reid, but Taylor had not testified to that effect at trial because he had been threatened with additional jail time by a deputy prosecutor. The post-conviction court rejected this proffered evidence as not being worthy of credit; Reid contends this was in error. We do not agree.

In rejecting Reid's proffer of Taylor's willingness to testify that he, not Reid, owned the drugs found in the garage, the post-conviction court found that Taylor's testimony was not worthy of credit based upon two items of correspondence Taylor had notarized and sent to Reid's parents and a letter Reid had sent to Taylor. In the first of these letters, dated September 13, 2007, Taylor averred that he intended to testify that the crack cocaine found in the garage did not belong to Reid, but Taylor did not state that the drugs belonged to him rather than to Reid. (Ex. 1.)

In the second letter, dated April 18, 2008, Taylor stated that the drugs "were in fact my drugs and I was solely responsible for them and Jon Reid or nobody else had no knowledge [sic] what so ever of any drugs being anyway or anywhere on the property at all[.]" (Ex. 2.) Around April 18, 2008, Reid sent a letter to Taylor wishing Taylor a happy

14

birthday. The letter, however, also included the following:

> I need you to make another notarized statement for me. Cause I'm in here basically for not telling…. If they got you for dealing and you signed. Why not say that the 14 [grams] was yours? It's not like they can give you more time….
>
> ***
>
> You already signed the plea bargain what choice would they have but to set me free, if you said that the 14 [grams] was you. That would be a done deal. T, I really need you to come through on this for everybody, not just for me.

(Ex. A.)

Based upon the timing of Reid's letter and Taylor's notarized letter stating that all of the drugs found at 317 Concord belonged solely to him, as well as the change from the September 2007 letter (which disclaimed Reid's ownership without more) to the April 2008 letter (which claimed ownership by Taylor), the post-conviction court concluded that Taylor's testimony was not worthy of credit. Reid's argument on appeal that Taylor's letters and testimony were worthy of credit is a request that we reweigh evidence, which we cannot do. We find no error in the post-conviction court's determination that Taylor's proffered testimony was not worthy of credit, and thus find no error in the denial of post-conviction relief on that basis.

We further find no error in the post-conviction court's rejection of Davis's testimony. We first observe that the court did not address Davis's testimony in its findings and conclusions. However, we note that Davis's testimony had no bearing on any evidence given at Reid's trial. Rather, Reid called Davis to testify at the post-conviction hearing concerning whether the deputy prosecutor had threatened Davis in the same manner as Taylor contended

the prosecutor threatened him. That is, rather than constituting newly-discovered evidence, Reid sought to introduce Davis's testimony in order to bolster Taylor's testimony that he was threatened by the deputy prosecutor.

Assuming, without deciding, that Davis's testimony would have been relevant to establishing that Taylor's testimony concerning ownership of the drugs was worthy of credit, we cannot conclude that Taylor's testimony would have produced a different result at trial. Even if Taylor had claimed at trial that the drugs were his, not Reid's, Reid had been residing in the garage at the time of the search, as evidenced by the presence of clothing, a television, a video game console, and a refrigerator. As the post-conviction court observed, the State's case rested in a theory of constructive possession. Reid's occupancy of the garage with cocaine and drug paraphernalia in plain view, as well as Davis's travels to the garage to obtain drugs for cocaine sales to undercover officers and confidential informants, are sufficient to establish Reid's constructive possession over the cocaine found during the search and his possession of the cocaine for purposes of distribution. See Thompson v. State, 966 N.E.2d 112, 121-123 (Ind. Ct. App. 2012) (affirming conviction for dealing in cocaine where defendant was one of several occupants of a house and drugs and related measuring and preparation paraphernalia were in plain view during a search of the house, even when defendant was not in the house at the time of the search), trans. denied.

We therefore conclude that the post-conviction court did not err when it rejected Reid's petition for relief on the basis of newly-discovered evidence of prosecutorial misconduct.

16

**Conclusion**

The post-conviction court did not err when it concluded that Reid did not receive ineffective assistance of trial and appellate counsel. Nor did the court err when it concluded that Reid's proffered testimony from Taylor and Davis did not satisfy the requirements for newly-discovered evidence warranting a retrial. We therefore affirm the court's denial of Reid's petition for post-conviction relief.

Affirmed.

NAJAM, J., and BARNES, J., concur.