Mathias, Judge, dissenting.
[25] Because I believe that the police search of Hardin's automobile was improper under both the Fourth Amendment and Article 1, Section 11, I respectfully dissent.
[26] Interpreting the Fourth Amendment, the United States Supreme Court has held that "[a] lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." United States v. Ross , 456 U.S. 798, 820-21, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). This is only common sense. The police should not be required to obtain a separate warrant to open a chest found inside the home for which they have already obtained a search warrant.
[27] And in Sowers v. State , 724 N.E.2d 588, 590 (Ind. 2000), our supreme court noted that " '[e]very published opinion addressing the issue has concluded that a warrant authorizing the search of a residence automatically authorizes a search of the residence's curtilage.' " (quoting United States v. Gorman , 104 F.3d 272, 275 (9th Cir. 1996) ). As the Ninth Circuit put it:
If a search warrant specifying only the residence permits the search of 'closets, chests, drawers, and containers' therein where the object searched for might be found, so should it permit the search of similar receptacles located in the outdoor extension of the residence ....
Gorman , 104 F.3d at 275 (quoted in Sowers , 724 N.E.2d at 590 ). Following this reasoning, our supreme court in Sowers held that a warrant authorizing the search of a specific residence also authorized the search of a tent located in the backyard:
Like [a] barn, garage, shed, and tree ..., Sowers' tent was a structure within the curtilage of a dwelling for which the police secured a valid search warrant. As a result, when police obtained a valid warrant to search the residence ..., they were also authorized to search the tent in the backyard of the residence.
Sowers , 724 N.E.2d at 591. But our supreme court has never extended this to include the search of an automobile located on the premises of the residence authorized to be searched.
[28] A panel of this court took that step in State v. Lucas , 112 N.E.3d 726, 730 (Ind. Ct. App. 2018), which held that "a search warrant authorizing a search of a particularly described premises permits the search of vehicles owned or controlled by the owner of, and found on, the premises." I believe this is a step too far, at least under the circumstances of the present case.
[29] As stated by Professor LaFave, the analogy between an automobile and other chattel located on a premises is "less than perfect." Wayne R. LaFave, Search & Seizure § 4.10(c) (Update 2018).
Certainly a vehicle, even one parked in a garage, has a lesser connection with the premises than "desks, cabinets, closets and similar items," and thus one might question whether a showing of probable cause as to certain premises should inevitably be deemed to cover a vehicle (even of the occupant) that happens to be parked on the property at the time the warrant is served.... Moreover, it must be remembered that the Fourth *126 Amendment requirement of particularity varies to some degree by what is reasonably practicable. A requirement that warrants for premises describe not only the premises generally but every conceivable hiding place therein would impose an intolerable burden; by comparison, it would seem relatively easy to include a description of the occupant's vehicle in the warrant if the warrant were intended to extend to the car .
Id. (emphasis added) (footnotes omitted). I too believe that, if the police wish to search a vehicle located on a residence, they should simply include this request in the application for a search warrant. This is not an unreasonable burden.
[30] More importantly, I believe that the search of Hardin's automobile was unreasonable under Article 1, Section 11 of the Indiana Constitution. As acknowledged by the majority, Indiana courts interpret Article 1, Section 11 independently from the Fourth Amendment, despite their textual similarities. Robinson v. State , 5 N.E.3d 362, 368 (Ind. 2014). Under Article 1, Section 11, the State must show that the police conduct was reasonable under the totality of the circumstances. Id. Our supreme court has directed us to consider three factors when determining whether the police conduct was reasonable: (1) the degree of concern, suspicion, or knowledge that a violation occurred; (2) the degree of intrusion the method of search or seizure imposes on the ordinary activities of the subject of the search; and (3) the extent of law enforcement needs. Id.
[31] Here, I agree with the majority that the first factor weighs in favor of reasonableness. The police had strong evidence that Hardin was dealing in methamphetamine. However, with regard to the second factor, the degree of intrusion is relatively high. Although Hardin was already in custody, the police fully searched his automobile. As our supreme court has stated before: " 'Hoosiers regard their automobiles as private and cannot easily abide their uninvited intrusion[.]' " Myers v. State , 839 N.E.2d 1146, 1153 (Ind. 2005) (quoting Brown v. State , 653 N.E.2d 77, 80 (Ind. 1995) ). The search of an automobile based on a warrant that makes no mention of the curtilage, much less of an automobile parked on the curtilage, constitutes a high degree of intrusion. Lastly, with regard to the needs of law enforcement, I disagree with my colleagues and believe that this factor weighs heavily against a finding of reasonableness. I acknowledge that the police had information that Hardin was involved with the delivery and the financing of delivery of methamphetamine in Morgan and surrounding counties. But at the time of the search of the vehicle, Hardin was already in custody, and the police had gathered enough evidence to obtain a search warrant. It would have been a minimal burden for the police to have secured the car and quickly obtained a warrant to search the vehicle.
[32] In short, I am of the opinion that the police acted unreasonably by searching Hardin's vehicle simply because he drove it into the driveway of his home while a search warrant was being executed at the home, especially when he was immediately taken into custody. It would have been simple for the police to have obtained another warrant authorizing the search of the vehicle. But they did not, and I honor the distinction between homes and motor vehicles for purposes of search and seizure. I therefore believe that the search of the vehicle was unreasonable and therefore contrary to Article 1, Section 11 of the Indiana Constitution. And I respectfully dissent from the majority's holding otherwise.